186 So.2d 556 (1966)
Orlando GARCIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-620.
District Court of Appeal of Florida. Third District.
May 17, 1966.
James J. Hogan, Miami Beach, Richard Barest, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before PEARSON, CARROLL and SWANN, JJ.
PEARSON, Judge.
This appeal is by the defendant, Orlando Garcia, from a judgment and sentence of the Criminal Court of Record, Dade County, Florida. Defendant was charged with receiving or concealing stolen property in violation of § 811.16 Fla. Stat., F.S.A. At the conclusion of a jury trial he was found guilty and sentenced to five years in the State penitentiary.
The single point presented on the appeal is:
"The trial court erred in holding that the physical evidence and statements taken from the defendant were seized as a result of lawful search and seizure."
The facts on which this point is based are as follows: An individual in police *557 custody informed a Detective Fernandez, of the Dade County Sheriff's Office, that stolen jewelry was in defendant's posession and that it was about to be broken down. Detective Fernandez was able to locate defendant's apartment. The detective did not obtain a search warrant. At about 8:00 P.M. on the same day, he and four other officers, placed the defendant's apartment under surveillance. The officers were in civilian clothes and armed. At approximately 10:00 P.M. the same evening, Detective Fernandez and one other officer went to the door of defendant's apartment.
The appellant speaks Spanish and testified at the trial through an interpreter. Detective Fernandez speaks both English and Spanish. Fernandez went to the door and knocked; the appellant answered through the door, asking who it was. The officer replied "police" in English. The appellant repeated "who" in Spanish and the officer replied "policia" in Spanish. The appellant opened the door and the officer stepped onto the threshold, which was a step up from the balcony outside of appellant's apartment. The police officer showed appellant his shield and identification card, stated that he was from the Dade County Sheriff's Office, that he had been informed by several persons in jail that they had taken stolen property to the appellant and that they had received money for it. There is sufficient evidence in the record to support a finding by the trial judge that the defendant invited the officers to enter his apartment.[1] One other officer entered with Detective Fernandez. Detective Fernandez advised the defendant that they did not have a search warrant and stated that in order for him to search the premises he would need a signed permission slip. Detective Fernandez testified that the appellant agreed to sign. Thereafter, Detective Fernandez asked the other officer to call downstairs and ask one of the remaining three officers to bring up the printed form. The form is in English and Fernandez testified that after he translated it into Spanish, the appellant signed it. The officers proceeded with the search, and the stolen property was discovered.
The appellant testified that when Detective Fernandez came to his door he called, "electric company," and that when the defendant opened the door and stepped back, Fernandez entered without asking permission. He stated that at least five officers entered his dwelling and that thereupon, he, the appellant, signed the consent to search. Appellant further testified: "I was afraid; I had my niece, ten years old, and my boy, eight months old. I was afraid and they looked like a bunch of pirates, the way they behaved."
Upon the basis of the disputed evidence, the trial court held the consent to search effective, and denied the motion to suppress the evidence. The basic argument of the appellant is that, under the conditions which existed at the time of the search, there could not be a valid consent to search. It is urged that the consent to search must be regarded as invalid because of either implied, or presumed, coercion. In this connection, the appellant relies upon United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877, 82 A.L.R. 775 (1932), for the proposition that a general exploratory search is forbidden. In addition, he urges that under the holding in Urso v. State, Fla.App. 1961, 134 So.2d 810, the search was void ab initio because Detective Fernandez was illegally in the house at the time the consent was secured. See also Kraemer v. State, Fla. 1952, 60 So.2d 615, and Houston v. State, Fla.App. 1959, 113 So.2d 582. We find these *558 cases inapplicable because the evidence is clearly susceptible to the finding of the trial judge that Detective Fernandez' step onto the threshold when the door was opened did not constitute an initial trespass so as to invalidate the subsequent consent.
As to the consent itself, it is true that in order to be effective it must be knowingly, intelligently, freely and voluntarily given. See cases cited at 29 Fla. Jur., Search and Seizure, § 38. The question then is whether or not we are required to disregard the testimony of the police officer and accept appellant's version that he was psychologically coerced into consenting to the search. We think that such a holding would be unreasonable. See Jackson v. State, Fla. 1961, 132 So.2d 596; Range v. State, Fla.App. 1963, 156 So.2d 534; Myrick v. State, Fla.App. 1965, 177 So.2d 845.
Appellant has cited Kovach v. United States, 6th Cir.1951, 53 F.2d 639, for the proposition that one who does not speak the English language is incapable of intelligently waiving his constitutional rights. We find that the Kovach case is inappropriate because the appellant's ignorance of the English language caused him no difficulty. The State provided an intelligent police officer who could speak both English and Spanish, and who adequately informed appellant that, under the laws of this Country, the search of his home could not be undertaken without his consent. The case which most nearly approaches the present one from a factual standpoint is Starks v. State, Fla.App. 1959, 108 So.2d 788. In the Starks case, the appellate court upheld a search where the police officer was given permission to search after he had explained his purpose.
We therefore hold that, while the circumstances surrounding the present case are such that the trial court could have made a different finding, we cannot say as a matter of law that a finding of implied coercion was necessary or that the trial court erred in failing to make such a finding.
The judgment and sentence are affirmed.
NOTES
[1] Q After you said, "Police," what did you do?

A I told him that there was two men in the Dade County Jail who said they had brought stolen property to him, and he then said, "Well, I have not bought stolen property from anyone. Would you please come in," and with that a motion of his hand was made, and he invited us in.
Q He said, "Please come in"?
A He opened the door wider and allowed us to step in.