322 So.2d 592 (1975)
Michael William SARGA, Appellant,
v.
STATE of Florida, Appellee.
No. W-129.
District Court of Appeal of Florida, First District.
December 3, 1975.
*593 Richard A. Lazzara, of Levine, Freedman & Hirsch, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
McCORD, Judge.
This is an appeal from appellant's conviction of possession with intent to sell marijuana and his sentence thereon. The sole question on the appeal is whether or not the trial court erred in denying appellant's motion to suppress the evidence (marijuana).
On November 13, 1973, at approximately 10:30 a.m., appellant was driving an "E Z Haul" rental truck from Tallahassee, Florida, to Gainesville, Florida, on U.S. Hwy. 27. While proceeding through the town of Branford, he failed to stop at an agricultural inspection station operated by the Florida Department of Agriculture. The inspector at the station observed appellant go by. He then got into his patrol car, ran appellant down and stopped him. Appellant opened the truck on the inspector's demand, and the marijuana, which was the subject of the motion to suppress, was found in the truck.
The burden was upon the state to show the validity of the warrantless search. Bicking v. State, Fla.App. (1st), 293 So.2d 385 (1974). The United States Supreme Court in Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), dealt with searches conducted pursuant to consent. At the conclusion of a lengthy opinion, it summed up its ruling as follows:
"... when the subject of a search is not in custody and the State attempts to justify a search on the basis of his consent, the Fourth and Fourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent."
Here, appellant's truck was stopped by a marked state patrol car pursuant to its flashing blue light. The inspector, who was garbed in an official uniform, did not ask appellant if he would consent to the search of his vehicle (as was done in Schneckloth) but he demanded (not once but three times) that appellant open the truck for inspection so that he could see what he was hauling. Appellant at first hesitated but on the third demand, he took out the key and opened the back of the truck. We are unable to conclude from these circumstances that there was a voluntarily given consent to the search and that it was not the result of duress or coercion, express or implied. There was, in fact, no consent but only a compliance with the officer's demand. While we abhor the release of persons who are caught red-handed with contraband, our courts must uphold and defend the Constitution of the United States. Our constitutional safeguards, while *594 that may at times provide an escape for the guilty, are for the protection of decent, law abiding citizens whose forebears established this nation to escape tyranny and police state methods.
The statute in effect at the time of this search, § 570.15, Florida Statutes 1973, authorized certain inspection of "all places of business, factories, farm buildings, carriages, railroad cars, motor vehicles and vessels used in the production, manufacture, storage, sales or transportation within the state of any food product or agricultural product ..." This statute provides that if access is refused "the inspector may apply for a search warrant which shall be obtained as provided by law for the obtaining of search warrants in other cases." (Emphasis supplied.) When we consider the constitutional implications above alluded to in conjunction with this statute, it is apparent that the search made in this case (no consent thereto having been given) was invalid in the absence of a search warrant.
Appellant's plea of nolo contendere, which he entered after denial of the motion to suppress and upon stipulation that his right of review would be preserved, is vacated and the judgment and conviction are reversed. The cause is remanded for further appropriate proceedings.
HARDING, MAJOR B., Associate Judge, concurs, and RAWLS, Acting C.J., dissents.
RAWLS, Acting Chief Judge (dissenting).
The trial judge, after a lengthy hearing, found: "... there is nothing in the evidence to negate the fact that the defendant [appellant] consented to an inspection of the truck and I said inspection."
I have carefully reviewed the record and find competent, substantial evidence to support the trial court's denial of the motion to suppress.
I would affirm.