359 So.2d 885 (1978)
Robert Tony BAGOCUS, Appellant,
v.
STATE of Florida, Appellee.
No. HH-277.
District Court of Appeal of Florida, First District.
May 22, 1978.
Rehearing Denied July 11, 1978.
Edwin Marger and J. Timothy Lawler, Atlanta, Ga., for appellant.
Robert L. Shevin, Atty. Gen., Patti Englander and George R. Georgieff, Asst. Attys. Gen., for appellee.
*886 SMITH, Judge.
Convicted and sentenced after a jury trial for four offenses associated with his possession of marijuana and narcotics, Bagocus urges errors including the trial court's failure to suppress evidence taken in a search of his truck and the admission in evidence of self-incriminating statements.
Bagocus drove his pickup truck, the bed of which was covered by a camper top, past an agricultural inspection station on an interstate highway. He was pursued and stopped by two uniformed and armed agricultural inspection officers in an official vehicle with a flashing light. According to the testimony of the officers and Bagocus, the officers advised Bagocus that he had passed an agricultural inspection station and that they would like to inspect the contents of his truck. Bagocus opened the rear glass section of the camper top, revealing objects covered by a canvas; the officers then requested that Bagocus open the tail gate, which he did. One of the officers climbed into the truck and found several bags which were taped closed. The officers directed Bagocus to return to the inspection station and, on the way, he twice stopped and pleaded with the officers to "work something out." At the officers' request, Bagocus again admitted them to the rear of the truck at the inspection station, and they found bags containing vegetable matter which they believed to be marijuana. Bagocus was arrested by a deputy sheriff who, after advising Bagocus of his Miranda rights, took incriminating statements.
Nothing in this record impeaches the trial court's finding that the searches on the highway and at the station were conducted with Bagocus' consent. When Bagocus passed the inspection station in a pickup truck capable of transporting agricultural products that were subject to inspection, the officers were entitled to stop the truck. They were further entitled to request Bagocus to permit the inspection. Bagocus complied. We decline to extend the holdings in Sarga v. State, 322 So.2d 592 (Fla. 1st DCA 1975) and Powell v. State, 332 So.2d 105 (Fla. 1st DCA 1976) to hold as a matter of law that uniformed agricultural inspection officers, carrying weapons they did not brandish in any way, have overborne the will of a lawfully stopped driver by simply asking him to permit an inspection.
Bagocus was suitably warned, upon his arrest, as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). There was no error in admitting in evidence his incriminating statements. We find no merit in Bagocus' point that the state was permitted to use evidence of those statements at trial without having given appropriate notice, and the appeal is otherwise without merit.
AFFIRMED.
BOYER, Acting C.J., and BLACK, SUSAN, Associate Judge, concur.