PER CURIAM.
Eden appeals the trial court’s denial of his motion to suppress evidence discovered in his vehicle by an agricultural inspector pursuant to Section 570.15, Florida Statutes (1977), claiming (1) that the inspector had no authority under the statute to stop or inspect his vehicle, and (2) that he did not voluntarily consent to a search of his vehicle after it was stopped. We disagree on both points and affirm.
Section 570.15(2) makes it unlawful for “any truck or any truck or motor vehicle trailer” to bypass an agricultural inspection station without stopping. Appellant argues that his vehicle, a van, was not required to stop under that statute. After studying the statutory definitions provided in Chapter 320, however, we cannot agree. Section 320.01(13) provides that the word “trucks” includes “any motor vehicle designed or used principally for carrying things other than passengers and includes a motor vehicle to which has been added a cabinet box, platform, rack, or other equipment for the purpose of carrying merchandise other than the person or effects of the passengers.” Here the testimony showed that appellant’s van had seats for a driver and passenger but was otherwise composed entirely of cargo area. Further, it was shown that the back compartment of the van contained a large wooden storage area clearly not intended for passenger use. On these facts, we believe appellant was required to stop his vehicle at the inspection station, and when he did not do so, the inspector had the right to chase him down and detain the vehicle for inspection purposes.
With respect to the issue of consent, we would note initially that Section 570.-15(l)(a)(6), Florida Statutes (Supp.1978) gives inspectors the right of access to “trucks.” Applying the above-mentioned definition of “trucks”, it is clear that appellant’s vehicle fit within that category rather than the excepted category of “private passenger automobiles with no trailer in tow, travel trailers, camping trailers, and motor homes . . . .” specified in Section 570.15(l)(a)(7), Florida Statutes (Supp. 1978). Therefore in the absence of any refusal by appellant, the inspector had the right of full access to appellant’s van.
*828 The record shows on this issue that appellant willingly opened the side door of his vehicle after the agricultural inspector stopped him and asked if he could see what appellant was carrying. The inspector then observed the inside compartment in the vehicle and asked if appellant would open the back door of the vehicle. Appellant did so, and raised the wooden door in the rear of the compartment. The inspector saw several large packages and smelled the odor of marijuana. Believing that a felony was being committed, he escorted the vehicle back to the station, arrested appellant for bypassing the station, and reported the matter to the Sheriff’s office. The Sheriff’s Deputy arrived and the inspector opened up the rear door and the wooden compartment. The Deputy discovered marijuana and arrested appellant and his companion.
There is nothing in the record indicating any refusal or resistance to the search on appellant’s part at any point. We think the case is controlled by Bagocus v. State, 359 So.2d 885 (Fla. 1st DCA 1978), where this court held:
“We decline to extend the holdings in Sarga v. State, 322 So.2d 592 (Fla. 1st DCA 1975) and Powell v. State, 332 So.2d 105 (Fla. 1st DCA 1976), to hold as a matter of law that uniformed agricultural inspection officers, carrying weapons they did not brandish in any way, have overborne the will of a lawfully stopped driver by simply asking him to permit an inspection.”
Similarly here we see no basis for upsetting the trial court’s conclusion that the search of appellant’s vehicle was conducted with his consent. The situation is unlike that in Rose v. State, 369 So.2d 447 (Fla. 1st DCA 1979), where the appellant clearly indicated his refusal of access to the enclosed boxes, and all of the evidence showed that the station search was made without a warrant in spite of appellant’s refusal.
The judgment is AFFIRMED.
MELVIN, Acting C. J., and BOOTH and LARRY G. SMITH, JJ., concur.