372 So.2d 522 (1979)
Peter Lynn VILLARI, Appellant,
v.
STATE of Florida, Appellee.
No. LL-381.
District Court of Appeal of Florida, First District.
June 29, 1979.
*523 Nicholas M. Matassini, Tampa, for appellant.
Jim Smith, Atty. Gen., and Charles A. Stampelos, Asst. Atty. Gen., for appellee.
McCORD, Chief Judge.
Villari appeals his conviction for possession of 100 pounds of cannabis with intent to sell and sentence of five years entered pursuant to a nolo contendere plea reserving the right to appeal the denial of his motion to suppress. Appellant contends the search was conducted without his consent. We agree and reverse.
Villari, driving a pick-up truck, was stopped by agricultural inspector Leonard Pease, after having passed the station without stopping as he is required to do. Section 570.15(2), Fla. Stat. (1977). Pease asked if he could "see in the truck" and Villari opened the door to the bed of the truck. The inspector, using a flashlight, saw some luggage, two tires, and a blanket covering the remaining cargo. The inspector took Villari back to the station for further inspection because of the heavy highway traffic and darkness. He asked appellant to again open the truck. Villari did so and the inspector began to enter the truck. Villari then stated, "Don't you need a search warrant to look at my personal belongings?" Pease pointed to the suitcases which were separated from the other cargo and stated, "I have no intention of looking in there." Villari then stepped back, stating, "Unhuh" or "Okay." Pease left and called his supervisor to be certain he could search the remaining cargo area. He returned and lifted the blanket covering several large bags. He then smelled the strong odor of marijuana, arrested Villari for violating § 570.15(2), and called Deputy Jones who placed Villari under arrest for possession of cannabis after the bags were opened and found to contain marijuana.
We again have before us the task of determining whether or not the state has clearly established consent to the search of a truck so as to obviate the necessity for a search warrant under § 570.15(1)(b), Fla. Stat.(1977). As we have previously stated, consent must be free and voluntary and must not be merely a submission to the apparent authority of the officer. Powell v. State, 332 So.2d 105 (Fla. 1st DCA 1976). Up to the point of Villari's question, "Don't you need a search warrant to look at my personal belongings?" his actions constituted consent to the search. There is no question that he consented, upon reasonable request, *524 to the flashlight inspection of the truck on the highway and at the station since he willingly opened the truck and there was no refusal or resistance to this limited search. See Eden v. State, 370 So.2d 826 (Fla. 1st DCA 1979); Sharpe v. State, 366 So.2d 500 (Fla. 1st DCA 1979); Bagocus v. State, 359 So.2d 885 (Fla. 1st DCA 1978); State v. Drake, 343 So.2d 1336 (Fla. 1st DCA 1977). When appellant asked the foregoing question, however, he indicated lack of consent to any further search in that he questioned the officer's authority to search further without a warrant. The officer's response was evasive. He sought to interpret "personal belongings" to mean only the suitcases thereby indicating that he needed no warrant to search the balance of the cargo. Villari's statement of "Unhuh" or "Okay" was merely acquiescence or resignation to Pease's statement. This does not meet the state's burden to produce clear and convincing evidence showing voluntary consent by Villari. See Powell, supra, and Rose v. State, 369 So.2d 447 (Fla. 1st DCA 1979). To accept the state's version would require that we interpret appellant's remarks to mean that he did not consent to the search of his suitcases, which in no way incriminated him, but voluntarily consented to the search of the cargo consisting of the marijuana which did incriminate him. We find this reasoning untenable and consider the following statement from Talavera v. State, 186 So.2d 811 (Fla. 2d DCA 1966), to be appropriate here:
"We feel in consideration of the record in the case sub judice, to hold that a consent to search was freely and voluntarily given would not be `in accord with human experience.'"
In Rose, supra, this Court said:
"While it is true that appellant was cooperative in opening the camper top to his truck, it is equally true that he had indicated his lack of consent to a further search of the closed boxes."
We have the same situation here. By his question, Villari indicated that he did not voluntarily consent to the search of his truck beyond the flashlight search which had already been made. At this point, in the absence of consent, further search necessitated the issuance of a search warrant pursuant to § 570.15(1)(b), Fla. Stat.(1977).
REVERSED.
LARRY G. SMITH, J., concurs.
BOOTH, J., dissents.