WENTWORTH, Judge,
dissenting.
I respectfully disagree with the conclusion that the erroneous finding of consent can be disregarded. The record clearly negates the assumption in the majority opinion that Officer Cook boarded the vessel “because the operator had failed to produce the required registration certificate ... and ... inadvertently observed the contraband.” To the question, “Did he have [registration] numbers on his boat?” the officer answered, “Yes, sir,” and stated further that there were no violations apparent before the boarding, that he told appellants the certificate of registration was not necessary, that he had “no authority to make any of these inspections unless there is consent,” and with respect to such inspection of a boat on its trailer “the only way you could do this was to get their consent.”
In addition to my disagreement on the foregoing factual premises, the opinion in Casal, infra, approves only “random stopping and brief detention ... for ... checking registration certificates.” That purpose, in any event, did not exist in this case, which does not involve either an inadvertent observation or a prior valid intrusion. The officer here assumed consent from silence, boarded the boat only because of that erroneously assumed consent and not because appellants were not “able to produce the certificate of registration” which, as noted above, he told them was not required. He commenced his search by removing a tarpaulin before any contraband was observed, which the State does not in this case claim to be inadvertent.
Section 371.58, Florida Statutes (1979),[1] permits an officer to board a vessel with consent of the owner or operator or when he has probable cause or knowledge to believe that a violation has taken place. At no time during the proceedings below or in this court has the State contended that the search in this case was conducted pursuant to a probable cause determination. The State has relied solely on its contention, which was accepted by the trial judge, that the search was pursuant to a § 371.58 safety inspection to which appellants consented. The State contends such inspections are administrative in nature and therefore involve a lesser standard for proving consent than that in Fourth Amendment search and seizure cases. No authority is cited for this assertion, and I would conclude otherwise.
In State v. Casal, 410 So.2d 152 (Fla. 1982), the Supreme Court considered the legality of a non-consensual search after the operators of a boat had in fact consented to the initial boarding by Marine Patrol officers. Significantly, the court noted that § 371.58 did not permit even the initial boarding without consent or probable cause. The court then went on to hold that although the initial boarding was consented to, there was no consent to the subsequent search. Therefore, the officers were precluded from further search unless there was probable cause to believe that a crime was being, or was about to be, committed.
While the opinion is not specific on the subject, it does not differentiate searches under § 371.58 from constitutional consent standards. If a Marine Patrol officer is not permitted to search a vessel under the guise of a § 371.58 inspection after being permitted to board, it follows that consent under that section should also invoke constitutional standards.[2]
The opinion in Casal provided another helpful guide for determining the standard for finding consent under § 371.58 by noting that marine safety inspections are akin to agricultural inspections and stops on the highways. Under § 570.15, Florida Statutes (1979),[3] Department of Agriculture inspectors may obtain a search warrant when access to certain structures and vehicles is refused. Clearly under that section the *379 State has the burden to establish that consent to the search of a vehicle was free and voluntary. Villari v. State, 372 So.2d 522 (Fla. 1st DCA 1979). The consent may not be founded upon a mere submission to apparent authority of an officer, nor will silent acquiescence or cooperation with the officer constitute consent. Id. Thus, the standard for determining consent to an agricultural inspection would appear to be the same constitutional standard applied in other warrantless search situations. See King v. State, 371 So.2d 120 (Fla. 1st DCA 1978); Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978).
Finally, the language of the statute itself provides a guide in determining the standard which should be applied. As already mentioned, there are two situations in which an officer may board a vessel for the purpose of conducting a safety inspection: (1) when there is consent or (2) when there is probable cause to suspect a violation. The term probable cause is itself a constitutional standard for determining when a person’s private property rights may be invaded. By using that term in conjunction with the word consent, I would assume that the legislature intended to apply constitutional standards for determining a valid consent.
The trial court found, and the State does not contest, that appellants had sufficient possessory control to have a reasonable expectation of privacy in the boat. In fact the trial court correctly found that the burden was on the State to prove that a valid consent to the search was given. As previously noted, however, the court found that under the totality of the circumstances the consent was free and voluntary. From my study of the record, when all possible inferences are considered in a light most favorable to the State, the inescapable conclusion is that consent to the search was not proven.
Clearly there was no actual, verbal consent. The appellants cooperated with the officers and may be deemed to have acquiesced to their apparent authority, but as previously noted this has not been considered equivalent to consent. Further, a finding of consent could not have been based on the subjective opinion of Officer Cook that Michael consented to the search by remaining silent. Bailey v. State, 319 So.2d 22 (Fla.1975). Although the opinion of the trial judge contains a lengthy statement of the facts, it does not indicate which facts contributed to the circumstances upon which he based his findings of consent. In my view, the record requires a conclusion that the State failed to prove that a valid consent to the search was given.
The decision of the trial court denying appellants’ motion to suppress should therefore be reversed.

. Now § 327.56, Florida Statutes (1981).

. For the purposes of this opinion, I would assume without deciding that the actions of Officer Cook in climbing onto the boat and pulling back the canvas tarp could have been considered proper procedure in performing a § 371.58 safety inspection.

. Section 570.15 was amended in 1980. § 570.-15, Florida Statutes (Supp.1980).