433 So.2d 1260 (1983)
Rafael ROSELL and Ramiro Pupo Cabrera, Appellants,
v.
STATE of Florida, Appellee.
No. AN-301.
District Court of Appeal of Florida, First District.
June 27, 1983.
Rehearing Denied July 26, 1983.
*1261 Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellants.
Jim Smith, Atty. Gen. and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Rosell and Cabrera appeal their convictions and sentences for possession of more than 20 grams of cannabis. Appellants raise several points on appeal, two of which merit discussion. We agree with appellants that the trial court erred in denying their motion to suppress physical evidence and in admitting, over objection, hearsay evidence. Therefore, we reverse and remand.
At approximately 2:00 A.M. on November 14, 1981, a pickup truck, which Rosell was driving and in which Cabrera was a passenger, bypassed the Agricultural Inspection Station on Interstate Route 10 in Suwannee County. Agricultural Inspector Haskell, who was dressed in a uniform which included a gun belt and gun, pursued the truck in his marked patrol car with blue flashing lights. After stopping the vehicle, Inspector Haskell became aware that neither occupant spoke or understood English. Since he could not speak Spanish, Haskell gestured that Rosell should open the door to the camper top of the truck. Rosell opened the door in response to Inspector Haskell's *1262 gesture. Once the rear door of the truck was opened, Haskell detected the odor of marijuana. Appellants followed Haskell to the inspection station, and once there Haskell called the Sheriff's Department. When Deputy Sheriff Tucker arrived on the scene Inspector Haskell again motioned Rosell to open the truck, and Rosell again complied. Haskell and Tucker pulled several taped, opaque garbage bags from the truck, tore them open, and observed what appeared to be marijuana. Appellants were arrested and taken to jail. The following morning, the truck was searched and nine bags of marijuana were seized along with a scale. Appellants moved to suppress the items seized from the truck on the basis that the initial opening of the truck was a search made without consent or warrant and that no probable cause existed to search the truck. The motion was denied.
At trial the critical issue was whether appellants had knowledge that the garbage bags contained marijuana. Appellants' story was that they found the bags by the side of the highway, pulled over, and that Cabrera loaded the truck with the bags while Rosell remained in the driver's seat. Appellants testified that they thought the bags contained clothing. Mary Aldridge, an interpreter, testified that she interpreted between appellants and Deputy Tucker on November 14, 1981. Aldridge testified that appellants' only statement at that time was that they did not know what was in the bags. Deputy Tucker was asked to testify concerning the interrogation session at which Aldridge interpreted for appellants. Defense counsel objected on grounds of hearsay, but was overruled. Deputy Tucker then testified that Aldridge told him that the appellants had told her that they thought a grassy material was in the bags. Appellants were found guilty, and this appeal followed.
The fourth amendment condemns unreasonable, warrantless searches and seizures. Section 570.15(1)(b), Florida Statutes (1981) makes provision for agricultural inspectors to obtain search warrants for regulatory inspection. In the instant case the inspector did not obtain a search warrant. Appellee argues that the search comes within an exception to the fourth amendment warrant requirement in that appellants consented to the search.
A distinction is recognized in the law between submission to the apparent authority of a law enforcement officer and unqualified consent. Mere acquiescence in a search is not necessarily a waiver of a valid search warrant. Rather, for a person to waive his fourth amendment rights, it must clearly appear that he voluntarily permitted or expressly invited and agreed to the search. Robinson v. State, 388 So.2d 286 (Fla. 1st DCA 1980). Consent must be freely and voluntarily given, and the voluntariness of a consent must be determined by examining the totality of the circumstances, including such factors as the age, education, intelligence and knowledge of the accused. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Where, considering the totality of the circumstances, the State is unable to prove voluntary consent as opposed to mere submission to apparent authority, the search will not be upheld. This rule is applicable to warrantless searches by agricultural inspectors. See Loftis v. State, 391 So.2d 219 (Fla. 1st DCA), rev. denied, 399 So.2d 1146 (Fla. 1981); Nelson v. State, 376 So.2d 459 (Fla. 1st DCA 1979); Gonterman v. State, 358 So.2d 595 (Fla. 1st DCA 1978); Powell v. State, 332 So.2d 105 (Fla. 1st DCA 1976); Sarga v. State, 322 So.2d 592 (Fla. 1st DCA 1975).
Appellee relies entirely on Bagocus v. State, 359 So.2d 885 (Fla. 1st DCA), cert. denied, 365 So.2d 709 (Fla. 1978). In Bagocus this court upheld the trial court's finding of voluntary consent to the search where agricultural inspection officers requested that Bagocus open the tailgate of his pickup truck, and Bagocus complied with the request. The distinction between Bagocus and the case sub judice is that here the defendants do not understand English.[1] *1263 The State did not show that Rosell and Cabrera interpreted the officer's gesture as a request rather than as a demand.
We find the facts of the instant case analogous to United States v. Albarado, 495 F.2d 799 (2d Cir.1974). Albarado was an older man who spoke no English. A uniformed, armed officer made a motion to Albarado to raise his hands prior to a frisk. The court stated that only submission to lawful authority, not consent, had been shown. In the instant case, given the barren state of the record in regard to the voluntariness question, we find it significant that Inspector Haskell admitted during cross-examination that he was not given permission by appellants to look in the truck. Since the State has not shown voluntary consent by appellants, we hold that the trial court erred in denying appellants' motion to suppress. Therefore, we reverse.
We note that the trial court also erred in admitting, over objection, Deputy Tucker's testimony as to what Mary Aldridge, the interpreter, told him concerning the statements which appellants made to Ms. Aldridge. Deputy Tucker's testimony is clearly hearsay. State Farm Mutual Automobile Insurance Co. v. Ganz, 119 So.2d 319 (Fla. 3d DCA 1960).
Appellee's argument that the testimony is admissible because appellants adopted the statements is specious. That argument is premised on the assumption that appellants understand English. The evidence in the record that appellants do not understand English is uncontroverted.
Because we find it necessary to reverse and remand based on the trial court's error in denying appellants' motion to suppress, we find it unnecessary to address appellee's contention that any error in admitting the hearsay evidence against appellants was harmless. Accordingly, the judgments and sentences are reversed, and this cause is remanded for further proceedings.
REVERSED and REMANDED.
ROBERT P. SMITH, Jr., C.J., and WIGGINTON, J., concur.
NOTES
[1] The government's burden to show voluntary consent is heavier in the case of an illiterate or a foreigner who does not readily understand English. Kovach v. United States, 53 F.2d 639 (6th Cir.1931); United States v. Wai Lau, 215 F. Supp. 684 (S.D.N.Y. 1963), aff'd, 329 F.2d 310 (2d Cir.1964), cert. denied, 379 U.S. 856, 85 S.Ct. 108, 13 L.Ed.2d 59 (1964). This burden may be overcome where an officer who speaks the same language as the defendant adequately informs the defendant that the search cannot be undertaken without his consent. See Garcia v. State, 186 So.2d 556 (Fla. 3d DCA 1966).