434 So.2d 1031 (1983)
Rafael Humberto PALACIOS, Appellant,
v.
STATE of Florida, Appellee.
No. AO-373.
District Court of Appeal of Florida, First District.
July 22, 1983.
Rehearing Denied August 4, 1983.
*1032 Michael E. Allen, Public Defender, Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Andrew Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Chief Judge.
Appellant, Rafael Humberto Palacios, appeals from a conviction for the offense of trafficking in marijuana, contending, inter alia, that the trial court erred in denying his motion to suppress physical evidence seized subsequent to a non-consensual search not incident to arrest. We agree and reverse.
The record discloses that Palacios was driving a rental truck north on Interstate 75 in Hamilton County at 4:00 a.m. on December 1, 1981, when he failed to stop at an agricultural inspection station. Inspector Davis, a uniformed officer on duty at the time, saw the truck by-pass the station and accordingly pursued it in an official marked car with blue lights flashing. He stopped the truck some 2 1/2 miles north of the station and then informed the driver, Palacios, first that he was required to stop at the station, and second that he needed to inspect the truck's cargo section. Palacios, a recent Cuban immigrant who speaks only Spanish, said, "No English." Davis again attempted to explain that he needed to inspect the rear of the truck and motioned to Palacios to open the rear door. Palacios complied with Davis' gestures by opening the door. At that point, a second man, Ferrer, who had been following the truck in an automobile, told Inspector Davis that he could not open the boxes in the rear of the truck which, he contended, contained ceramic vases. Davis then informed Palacios and Ferrer to return to the station, where Palacios was again directed, by motions, to re-open the cargo section of the truck. By that time Sheriff's Deputy Beck had approached the open door of the truck, smelled marijuana within it, and proceeded to open the boxes inside it, which were found to contain marijuana.
Palacios' motion to suppress alleged that he did not knowingly, freely and voluntarily consent to a search of the truck and that the evidence thus seized was the fruit of an illegal search and seizure. At the hearing on the motion, Palacios testified, through an interpreter, that he believed Inspector Davis had ordered him to open the truck's door; that he did not know he could refuse to obey Davis' order, because in Cuba officers generally have the right to conduct searches without consent, and that, had he known he could lawfully refuse, he would not have opened door to the truck. Ferrer also testified and confirmed the fact that Palacios does not speak or understand English. The trial court denied the motion, finding no coercion because, in its opinion, Inspector Davis was soft spoken, mild mannered and not authoritative. We reverse. Nothing in the record discloses that the state met its burden of proving, by a preponderance of the evidence, that Palacios consented knowingly, freely and voluntarily to the search. See Denehy v. State, 400 So.2d 1216, 1217 (Fla. 1980). In reversing, we adopt the reasoning in our recent decision of Rosell v. State, 433 So.2d 1260, (Fla. 1st DCA 1983), which we find controls the facts in the present case.
In this case, as in Rosell, we do not find that Palacios' action, in opening the rear door of the truck upon request, was anything more than mere submission to the apparent authority of Inspector Davis and, as such, was far short of the knowing, free *1033 and voluntary consent necessary to comply with fourth amendment protections.
REVERSED.
THOMPSON and WIGGINTON, JJ., concur.