438 So.2d 76 (1983)
Carlos Arthur RESTREPO, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1855.
District Court of Appeal of Florida, Third District.
September 6, 1983.
As Clarified October 10, 1983.
*77 Bennett H. Brummer, Public Defender and Carin Kahgan, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before HUBBART and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
We hold that the state failed to show by clear and convincing evidence that the defendant freely and voluntarily consented to a warrantless search.
Defendant and co-defendant approached Detective Thompson, a plain clothes narcotics officer, in the terminal at Miami International Airport. The co-defendant inquired of the officer, in English, regarding the departure time of the next Eastern Airlines flight to New York or Washington. Detective Thompson advised the co-defendant that someone from Eastern Airlines would assist him soon and then began to question him why he appeared to be breathing heavily. The co-defendant replied that he had just missed his train and was hurrying to catch a plane, which the detective then indicated would get him to New York ahead of schedule. Detective Thompson then asked the co-defendant if he was from Miami or New York, in response to which the co-defendant replied New York.
During this entire colloquy between the co-defendant and Detective Thompson, which all transpired in English, the defendant said nothing. Defendant and co-defendant went to the ticket counter, purchased tickets, and proceeded toward the concourse. Detective Thompson conferred with Detective Facchiano and told him that he wanted to interview the two men before they boarded the plane to New York. Both officers approached the two men and displayed their badges. Addressing the English-speaking co-defendant, Detective Thompson identified himself as a police officer and asked whether the co-defendant would speak with him. The co-defendant replied that he had no objections. Detective Thompson then directed the co-defendant to tell the defendant in Spanish that he and Detective Facchiano were police officers, and to inquire whether the defendant had any objections to talking with them. The conversation which took place between the defendant and co-defendant in Spanish was not understood by Detective Thompson. The co-defendant then told Detective Thompson that the defendant had no objections. The two travelers were then separated, questioned, and searched by the officers. Detective Facchiano questioned the defendant in Spanish although his knowledge of the language is limited. In fact, he acknowledged that he was uncertain whether the questions he had asked were worded in the correct manner.
Permission was allegedly obtained to search defendant's suitcase, with the search resulting in the discovery of contraband. In obtaining the defendant's consent to search, Detective Facchiano used the term "con su permiso". He then admitted that he understood the phrase to mean that the defendant had given permission to examine the suitcase, but that the phrase has meanings other than a literal translation of "with your permission." An alternative translation, as conceded by Detective Facchiano, suggests an acquiescence to authority such as where a police officer stops a driver and asks "if you don't mind I would like to see your driver's license," in which case the driver would feel compelled to produce a license even if he were opposed to the idea.
In order to rely upon consent to justify the lawfulness of a search the state has the burden of proving that the consent was in fact freely and voluntarily given, Norman v. State, 379 So.2d 643 (Fla. 1980), and that burden must be met by clear and convincing evidence. Bailey v. State, 319 So.2d 22 (Fla. 1975). The voluntariness of a consent must be determined by examining the totality of the circumstances, including such factors as the age, education, intelligence and knowledge of the accused. Rosell v. State, 433 So.2d 1260 (Fla. 1st DCA *78 1983) citing Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). When the defendant to be searched is an illiterate or a foreigner who does not readily speak and understand English, the government's burden to show voluntary consent is heavier. Kovach v. United States, 53 F.2d 639 (6th Cir.1931); United States v. Wai Lau, 215 F. Supp. 684 (S.D.N.Y. 1963), aff'd, 329 F.2d 310 (2d Cir.1964), cert. denied, 379 U.S. 856, 85 S.Ct. 108, 13 L.Ed.2d 59 (1964); Rosell v. State, 433 So.2d at 1262 n. 1. "Where, considering the totality of the circumstances, the State is unable to prove voluntary consent as opposed to mere submission to apparent authority, the search will not be upheld." Rosell, at 1262; see also Jordan v. State, 384 So.2d 277 (Fla. 4th DCA 1980) (in examining evidence to determine consent to search, court must distinguish between submission to apparent authority of officer and unqualified consent).
Where, as in this case, the Spanish-speaking defendant did not speak English and was questioned by a police officer whose knowledge of Spanish was limited, and the phrase used by the officer to obtain the search could be interpreted, as admitted by the officer himself, as a command to submit to lawful authority, the state failed to show by clear and convincing evidence that defendant freely and voluntarily consented to the search of his suitcase. Cf. Garcia v. State, 186 So.2d 556 (Fla. 3d DCA 1966) (where police officer spoke both Spanish and English, and adequately informed defendant that the search of his home could not be undertaken without his consent, search was upheld).
In light of all the circumstances set forth above, the trial court should have rejected the officer's conclusive opinion that the defendant understood he had an absolute right to refuse the search.
Reversed and remanded with instructions to discharge appellant.