JOANOS, Judge.
Appellant, Jose Pablo Ferrer, appeals from his conviction for the offense of trafficking in marijuana, contending among arguments that the trial court erred in denying his motion to suppress physical evidence seized subsequent to a non-consensual search not incident to arrest. We agree and reverse.
The record shows that one Palacios was driving a rental truck north on Interstate 75 in Hamilton County at 4:00 a.m. on December 1,1981, when he failed to stop at an agricultural inspection station. Inspector Davis, a uniformed officer on duty at the time, pursued and stopped the vehicle, informing Palacios that the truck was required to stop at the station and that the cargo area needed to be inspected. Palac-ios, who neither spoke nor understood English, responded, “No English.” Davis attempted to explain that he needed to inspect the cargo area and motioned for Pal-acios to open the door. Palacios responded to Davis’s gestures by opening the door. At that point, Ferrer, who had been following the truck in an automobile and had stopped, told Inspector Davis that he was responsible for the cargo and that he would rather that Davis not open the boxes for fear of loss or damage to ceramic vases supposedly packed inside. Davis then told Ferrer and Palacios to return to the station, where Palacios again opened the cargo area door in response to motions by Davis. By that time, Hamilton County Sheriff’s Deputy Beck had approached the open cargo area, smelled marijuana within, and proceeded to open the boxes in it, which were found to contain marijuana.
Ferrer’s motion to suppress alleged that he denied Inspector Davis permission to open up the boxes and that the evidence seized was the fruit of an illegal search and seizure. The trial court denied the motion. We reverse. This court has already determined in Palacios’s appeal that he did not knowingly, freely and voluntarily consent to the search. Palacios v. State, 434 So.2d 1031 (Fla. 1st DCA 1983). Since the state relies upon Palacios’s consent as justification for the search, there being no contention that Ferrer consented, although he was present and manifested his responsibility for the truck’s contents, the search was without lawful authority.
Accordingly, Ferrer’s conviction is REVERSED.
LARRY G. SMITH and WENTWORTH, JJ., concur.