466 So.2d 331 (1985)
Tulio ALZATE, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-404.
District Court of Appeal of Florida, Third District.
February 26, 1985.
Rehearing Denied April 15, 1985.
Theodore Simon, Philadelphia, Pa., Mark L. Angert, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., and Henry Barksdale, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
The issues in this case turn on the credibility of the investigating officers and that of the defendant regarding the voluntariness of the defendant's consent to search. The trial judge who heard the motion to suppress (Judge Scott) made specific findings which resolved those issues adversely to the defendant. Credibility determinations made by a trial court will not be disturbed on appeal. See Chesnut v. State, 404 So.2d 1064 (Fla. 1981); State v. Battleman, 374 So.2d 636 (Fla. 3d DCA 1979).
The trial court properly considered the totality of the circumstances in light of Restrepo v. State, 438 So.2d 76 (Fla. 3d DCA 1983), and concluded the state had satisfied its heavy burden on the issue of voluntary consent. The trial court correctly denied the motion to suppress. The *332 judgment and sentence entered thereon are, therefore,
Affirmed.
HENDRY, Judge, dissents.
Tulio Alzate appeals from the conviction and sentence for trafficking in cocaine following his nolo contendere plea which reserved his right to appeal the denial of his motion to suppress. For the reasons which follow, I would reverse.
Appellant attracted the attention of Officers Facchiano and Thompson when he got out of a taxi at the Amtrack station and appeared to be nervous. Officer Facchiano positioned himself behind appellant at the ticket counter so that he could overhear the conversation. He noted appellant was Latin, observed appellant give the clerk a piece of paper with a reservation number on it, and heard appellant say "compartment" or "first class," "Philadelphia" and "Alzate" with a heavy accent. The officers decided to talk to appellant, showed him their identification and asked if he were going to Philadelphia and he replied, "Philadelphia." Appellant was then asked if he lived in Miami or Philadelphia and appellant answered, "Philadelphia." Officer Facchiano asked to see some identification and appellant, without speaking, produced his ticket and Canadian citizenship card. When asked if he were a Canadian citizen, appellant responded, "yes." Even though there was no discrepancy between the names on the ticket and the citizenship card, the officers moved appellant a few feet out of the line of traffic and continued to question him. The officers asked whether appellant would mind if they searched his suitcase and appellant answered, "no." Officer Facchiano attempted to open the suitcase but it was locked. He then asked and gestured for the key, which appellant gave him, without saying anything. Appellant was not told that he did not have to give Officer Facchiano the key. Once the suitcase was opened, the officers found two taped packages of cocaine inside. Appellant was arrested and given Miranda warnings in English. In his conversations with the ticket agent and the officers, appellant spoke approximately twelve words or less in English.
En route to the police station, Officer Facchiano started to explain the trafficking statute but appellant indicated that he didn't understand the laws or English that well. When they arrived at the station, the officers asked a Spanish speaking employee (not a police officer) to serve as an interpreter for appellant. She explained the trafficking statute and read the Miranda warnings again, this time in Spanish. She also gave appellant a waiver of rights consent form written in Spanish, which he signed. However, Officer Facchiano could not recall whether anyone told appellant (or told the interpreter to tell appellant) that he did not have to sign the document.
The two officers testified at the suppression hearing, but the employee who served as an interpreter did not. Appellant testified, through an interpreter, that he was 48 years old and that he was born in Colombia but had spent the last 11 years living in Montreal, which is in the French speaking Canadian province of Quebec. He was employed as a weaving machine operator and his employer spoke Spanish with him. He completed only the fifth grade in school in Colombia. He had no prior encounters with the police in either the United States or Canada.
Officer Facchiano readily admitted, and the trial court agreed, that until he opened the suitcase and found the cocaine, there was not even a bare suspicion upon which to detain appellant. Moreover, Officer Facchiano, in response to a question about what would have happened if appellant had refused to allow them to search his suitcase, stated that he didn't know whether he could have legally detained appellant for the time it would have taken to get a dog over to sniff the suitcase. Since there were no other exigent circumstances (there was plenty of time before appellant's train was due to depart), the validity of the search must turn entirely on the voluntariness of appellant's purported consent.
*333 It is well established that consent must be freely and voluntarily given, and the voluntariness of a consent must be determined by examining the totality of the circumstances, including such factors as the age, education, intelligence and knowledge of the accused. United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The state has the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given as opposed to a mere submission to a claim of lawful authority. Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). The government's burden to show voluntary consent is heavier in the case of an illiterate or a foreigner. State v. Santamaria, 464 So.2d 197 (Fla. 3d DCA 1985); Restrepo v. State, 438 So.2d 76 (Fla. 3d DCA 1983); Rosell v. State, 433 So.2d 1260, 1262 n. 1 (Fla. 1st DCA 1983), pet. for rev. denied, 446 So.2d 100 (Fla. 1984). In my view, the state did not sustain its burden.
I am not persuaded, under the totality of the circumstances, that appellant spoke English well enough to render his consent free and voluntary. See State v. Santamaria. The questions asked by the officers could be answered without much knowledge of the English language  particularly if gestures were also used. Moreover, appellant did not answer any of the officers' questions with a complete sentence; he gave one word answers. It is also noteworthy that appellant responded to Officer Facchiano's question as to whether he lived in Miami or Philadelphia by saying, "Philadelphia," although the arrest form lists his address as Montreal, an indication that appellant didn't understand the question. Furthermore, the trial court merely assumed because appellant lived in Canada, he had to acquire some knowledge of English; however, appellant lived in Quebec, where the primary language is French. Appellant testified that he had learned to communicate somewhat in that language. Additionally, as the colloquy between the trial court and appellant during the sentencing hearing indicates, appellant had difficulty understanding the consequences of his nolo plea (waiver of jury trial) even with the aid of an interpreter. Finally, in considering whether the consent was voluntary, the court can take into account the fact that appellant was not told that he did not have to sign the waiver of rights form. Florida v. Rodriguez, ___ U.S. ___, 105 S.Ct. 308, 83 L.Ed.2d 165 (1984).
I would find, therefore, that under the totality of the circumstances, appellant's age, limited education, intelligence, foreign birth and residence, and limited knowledge of English prevented him from giving a free and voluntary consent to the search. Because I find that the trial court's ruling on the dispositive suppression issue was erroneous, I would reverse the conviction and sentence with directions to discharge the appellant.