FERGUSON, Judge
(dissenting).
In Restrepo v. State, 438 So.2d 76 (Fla. 3d DCA 1983), we held that consent was not effective when police officers requested of a Spanish-speaking suspect permission to search “con su permiso,” which translates literally to “with your permission.” Here the defendant consented to a search in response to a similar request; however, this request, which is literally translated as “with your permission and with your permission only,” made clear the fact that the defendant’s acquiescence was necessary for a search.
There are other facts which distinguish this case from Restrepo and support the trial court’s conclusion that the defendant freely and voluntarily consented to the search.
Officer McGavock’s initial conversation was an introduction of himself as a police officer followed by a request in Spanish for identification. The defendant answered yes, got up, walked five or six feet away to a box and tote bag on the floor and started to open the box, apparently to produce identification documents. The officer, with understandable caution, placed his hand on the box and asked first if the box belonged to the defendant. Torres answered affirmatively. Then the officer requested, in Spanish, to look into the luggage “with your permission and with your permission only.” In Spanish, Torres answered, “Of course, of course.”
Officer McGavock cursorily examined the box and then started to search the tote bag. The search revealed a large sum in cash, marijuana, cocaine and freebase implements. In the tote bag, which the defendant reached for at one point during the search, the officer also found a loaded .357 magnum, pistol.
The defendant had lived in the United States for over four years at the time of this arrest. At the police station he and his companion were given Miranda warnings. They acknowledged an understanding of the warnings and said they did not want to answer questions. In their presence Detectives McGavock and Romero counted the money. Someone, probably a police department employee, walked by the squad room and asked in English, to no one in particular, “Who does all the money belong to?” The defendant blurted out in English, facetiously, “All money mine. I make it selling marijuana.”
At trial the defendant said for the first time that he consented to a search because one of the officers pulled a gun on him— from his waistband. That officer when called testified that he never displayed a firearm, that on narcotics interdiction detail he carries a firearm strapped to the ankle, and that he reached for his weapon only after the defendant consented to a search and reached for his tote bag.
The trial judge expressed a concern which I find quite legitimate: Is it ever possible for any police officer whose native *1318 language is English to obtain consent to search from a non-English speaking suspect, even where the officer speaks in the suspect’s native tongue using language which is literally translated as a request rather than a command? Restrepo v. State was factually unique and its holding should be confined to its facts. Significantly in Restrepo the officer who requested the consent conceded that, as spoken, the request could have been interpreted as a command to submit to lawful authority. Here there was a more informative request made to a defendant who the trial judge, for good reason, believed to have been feigning ignorance of English as a defense to the prosecution.
Under the totality of the circumstances test set forth in Restrepo there is no reason to overturn the trial judge’s finding that consent was intelligently and voluntarily given.