PER CURIAM.
Hector Vela, a/k/a Hector Vera, appeals from a judgment of conviction, following a bench trial, for trafficking in cocaine. The state cross-appeals from the trial court’s suppression of additional cocaine seized. We affirm the judgment of conviction and dismiss the state’s cross-appeal.[1]
On appeal, Vela contends that the cocaine admitted into evidence was the fruit of a warrantless search conducted without his consent and, therefore, should have been suppressed. However, after hearing testimony from the officers who conducted the search and contradictory testimony from the defendant, the court specifically found that Vela had given the officers general consent to search the premises. The parties stipulated that the court could con *243 sider the evidence presented at the suppression hearing for purposes of a bench trial and rendition of a verdict. The trial court found Vela guilty.
We find no error in the denial of the motion to suppress. Where the issue on appeal turns on the credibility of the investigating officers and that of the defendant, credibility determinations made by a trial court will not be disturbed on appeal. Alzate v. State, 466 So.2d 331 (Fla. 3d DCA 1985).
We find no merit in Vela’s remaining points on appeal.
Affirmed; cross-appeal dismissed.

. At oral argument, the state announced that, if Vela’s conviction was affirmed, it would abandon its cross-appeal.