PER CURIAM.
The State appeals the granting of defendant’s motion to suppress evidence seized by the police, as well as confessions, admissions, and statements made following his arrest. We reverse.
Two police officers were dispatched to investigate a possible drug transaction taking place in defendant’s apartment. The defendant answered the door. Because the defendant did not speak English, a Spanish-speaking officer interpreted the conversation. The officers asked if anyone else was in the apartment, and the defendant answered that his wife and children were. The defendant then asked if the officers wanted to come inside to “check them out.” The defendant opened the door and gestured for the officers to enter. Once the officers were inside, the defendant became nervous, went to a living room table and picked up a handgun, and attempted to place it in an adjacent closet. He also attempted to cover a business card lying on the table having on it what appeared to be rock cocaine. The officers seized the weapon for their own protection. When they moved defendant away from the closet, they saw more cocaine, drug paraphernalia, and a large amount of money. The officers read defendant his Miranda[1] rights in Spanish and the defendant made several incriminating statements.
The trial court granted the motion to suppress the evidence and statements. The court reasoned that the officers were obliged to disclose the reason they had come to the apartment, namely, to investigate a possible drug transaction, so that the defendant’s consent was a fully informed one. The court concluded that an extra measure of care must be observed when dealing with persons who are not English-speaking.
As to the first point, it is settled that the police need not advise a person that he or she has the right to refuse to consent to a search, Schneckloth v. Bustamonte, 412 U.S. 218, 134, 93 S.Ct. 2041, 2051, 36 L.Ed.2d 854 (1973), nor must it be *761 shown that the person independently had knowledge of the right to refuse consent. Finney v. State, 420 So.2d 639, 643 (Fla. 3d DCA 1982). Such a warning or such knowledge can, of course, be taken into account as one factor in determining whether consent was freely and voluntarily given. Schneckloth v. Bustamonte, 412 U.S. at 248-49, 93 S.Ct. at 2059, 36 L.Ed.2d 854; see 3 W. LaFave, Search and Seizure, § 8.2(0 (2d ed. 1987).
Likewise, the police officers need not disclose the purpose of a search as a prerequisite to obtaining consent. It is true, as the trial court suggested, that in many cases officers do disclose their exact purpose, and that such a disclosure can be taken into account on the issue of volun-tariness, but disclosure of the purpose of the search is not a prerequisite to obtaining a consent. The test remains one of volun-tariness under the totality of the circumstances. Schneckloth, 412 U.S. at 249-50, 93 S.Ct. at 2059, 36 L.Ed.2d 854. In the present case, the defendant invited the officers to come in and “check them out” before the officers even asked for permission to enter. Under the circumstances, there was a consent to entry by the officers.
As to the second point, the fact that a person does not speak English is a factor which can be taken into account in determining the voluntariness of the consent. That factor would come into play where the individual and the police are unable to communicate. Here, however, the Spanish-speaking officer communicated with the Spanish-speaking defendant and the entry was consensual. See Byrd v. State, 481 So.2d 468, 472 (Fla.1985), cert. denied, 476 U.S. 1153, 106 S.Ct. 2261, 90 L.Ed.2d 705 (1986). The present case thus differs from such cases as Restrepo v. State, 438 So.2d 76 (Fla. 3d DCA 1983), Acosta v. State, 519 So.2d 658 (Fla. 1st DCA), review denied, 529 So.2d 695 (Fla. 1988), and Palacios v. State, 434 So.2d 1031 (Fla. 1st DCA 1983), in which there was a failure of communication.
The defendant urges that Garcia v. State, 186 So.2d 556 (Fla. 3d DCA 1966) compels affirmance. The police officer in that case informed defendant that his home could not be searched without his consent. That was one factor which could appropriately be considered on the issue of volun-tariness, but was not dispositive. The dis-positive issue in that case was that “appellant’s ignorance of the English language caused him no difficulty,” as he communicated with a bilingual police officer on the issue of consent. Id. at 557.
Once the police officers were inside the house, they saw objects in plain view — the handgun, the rock cocaine, and the contraband in the open closet — which provided probable cause to arrest the defendant. See Coolidge v. New Hampshire, 403 U.S. 443, 464-66, 91 S.Ct. 2022, 2037-38, 29 L.Ed.2d 564 (1971). The post-arrest statements were made by the defendant after proper Miranda warnings. The motion to suppress should have been denied.
Reversed.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).