PER CURIAM.
The defendant, Monnit Louis, appeals from a judgment of conviction for trafficking in cocaine entered upon a jury verdict. We affirm.
The issues presented for review are: (1) whether the trial court erred in denying the motion to suppress the cocaine seized as the result of the search of Monnit Louis’ bag when the defendant alleges he did not voluntarily consent to the search, and (2) whether the trial court erred in denying Monnit Louis’ motion for a mistrial based upon events that allegedly prejudiced Louis by leading the jury to believe that he was a foreigner who did not speak or understand English.
The defendant was at a train station when he was approached by two police officers, Detective Hernandez and Detective Mallia. Detective Hernandez identified himself and Detective Mallia as police officers and asked the defendant for permission to speak with him. Detective Hernandez advised the defendant that there was a problem with contraband being transported through the train station and asked the defendant if he could search his bag. The defendant responded “Sure” or “Yes, go ahead.” Before opening the bag, Detective Hernandez asked the defendant if he was sure that it was okay; the defendant gestured that it was okay. When Detective Hernandez opened the bag, he saw a clear bag that contained what appeared to be rock cocaine. While being transported to the police station, the defendant confessed in English.
When the State relies upon consent to justify a search, it has the burden of proving that the consent was voluntarily and freely given. See State v. Diaz, 549 So.2d 759 (Fla. 3d DCA 1989), review denied, 560 So.2d 232 (Fla.1990); State v. Santamaria, 464 So.2d 197 (Fla. 3d DCA 1985); Restrepo v. State, 438 So.2d 76 (Fla. 3d DCA 1983). In determining whether the consent was voluntary, the totality of the circumstances must be examined, including such factors as education, age, intelligence and knowledge of the accused. See Restrepo, 438 So.2d at 77. Additionally, the State’s burden is heavier when the person searched is a foreigner who does not easily understand the English language. See Id.
*40 In view of the particular circumstances in the present case, we find that the trial court did not err in denying the defendant’s motion to suppress. First, we find that there was sufficient evidence presented at the suppression hearing which indicates that the defendant readily speaks and understands the English language. Second, Detective Hernandez’ requests to search the defendant's bag were not in the form of a command or demand, but were requests which the defendant was free to turn down. Moreover, Detective Hernandez requested and obtained the defendant’s permission twice before opening the bag.
Defendant further argues on appeal that certain events in the courtroom singled him out as a foreigner, and thus made a negative impression on the jurors. A motion for mistrial should be granted when error has been committed that cannot be cured by objection to the court and instruction to the jury. Frazier v. State, 303 So.2d 48, 49 (Fla. 3d DCA 1974); Gray v. State, 296 So.2d 612 (Fla. 3d DCA 1974). In this case, during voir dire defense counsel asked the prospective jurors questions and made statements that clearly indicated that the defendant was Haitian. Therefore, it was not solely the trial judge’s actions that singled out defendant as a foreigner. Moreover, assuming that the incidents of which the defendant complains were error, the error was harmless in view of the explicit curative instruction given by the court and the overwhelming evidence presented against the defendant. See Riley v. State, 367 So.2d 1091 (Fla. 3d DCA 1979); Williams v. State, 327 So.2d 798 (Fla. 3d DCA 1976); Frazier v. State, 303 So.2d 48 (Fla. 3d DCA 1974).
Affirmed.