754 So.2d 168 (2000)
Jean Eric DORMEZIL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D98-3351.
District Court of Appeal of Florida, Fifth District.
March 31, 2000.
*169 Keith F. Szachacz and Kepler B. Funk of Funk & Szachacz, Melbourne, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Jean E. Dormezil timely appeals his conviction and sentence for trafficking cocaine.[1] This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A). We affirm.
Dormezil raises two issues in his appeal. He contends the trial court erred in denying his motion to suppress the cocaine. Dormezil argues that his consent allowing the Florida Highway Patrol to search his rental car was not knowing and voluntary in that his command of the English language was faulty and in that the officer repeatedly asked for Dormezil's consent. Second, he argues that the trial judge should have granted a mistrial due to a comment during the state's closing argument on his right to remain silent.
In Davis v. State, 594 So.2d 264, 266 (Fla.1992), the Supreme Court stated:
Whether a suspect voluntarily consents to a search is a question of fact to be determined by the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Shapiro v. State, 390 So.2d 344 (Fla.1980), cert. denied, 450 U.S. 982, 101 S.Ct. 1519, 67 L. ED.2d 818 (1981). In addition, the determination of whether the consent to a search was voluntary is a question for the trial judge and should not be disturbed on appeal unless the determination is clearly erroneous.
Where the state asserts it had the right to search the defendant despite the absence of a warrant because the defendant consented to the search, the state has the burden to prove that consent was freely and voluntarily given. See Norman v. State, 379 So.2d 643, 646 (Fla.1980); Bailey v. State, 319 So.2d 22 (Fla.1975); Younger v. State, 433 So.2d 636 (Fla. 5th DCA 1983); Restrepo v. State, 438 So.2d 76 (Fla. 3d DCA 1983). The burden of proof in these cases depends on whether there is invalid police conduct prior to obtaining the consent. See Denehy v. State, 400 So.2d 1216, 1217 (Fla.1980). "Under ordinary circumstances the voluntariness of the consent to search must be established by preponderance of the evidence." Id. With invalid police conduct like prolonged detention, threats to obtain a warrant, or repeated requests for consent, the burden of proof is elevated to the clear and convincing standard. Id.; see also Gonterman v. State, 358 So.2d 595, 596 (Fla. 1st DCA 1978)(listing "repeated requests for the consent" as an example of inappropriate conduct by authority seeking consent to search).
The trial court applied the clear and convincing standard in denying the motion to suppress, apparently due to the repeated questioning of Dormezil by the highway patrolman prior to obtaining Dormezil's consent, which was captured on the patrolman's video. The video tape of the encounter in the instant case reveals that Dormezil conversed with the patrolman readily with only minor difficulties throughout the traffic stop. During the hearing on the motion to suppress, Dormezil did not require an interpreter, and *170 he testified that he had lived in the United States for six years and had begun learning the English language almost a decade before this police stop occurred. Based on the totality of circumstances[2], the trial court did not clearly err in determining that Dormezil voluntarily consented to the search of his rental car, which led to the discovery of the cocaine. See Castro v. State, 755 So.2d 657 (Fla. 4th DCA 1999)(holding that it was within trial court's discretion to reject appellant's contention that he did not speak English in light of officer's testimony that appellant conversed with officer in English at scene of arrest prior to the arrest); cf. Balthazar.
The defense counsel's objection to the single, isolated comment by the prosecutor[3] was not preserved because defense counsel declined the trial court's offer to make a curative instruction. See State v. Fritz, 652 So.2d 1243 (Fla. 5th DCA 1995)(objection to improper prosecutorial closing argument, where prosecutor improperly vouched for credibility of police officers' testimony, waived where no request for curative instruction or mistrial made); see also State v. Benton, 662 So.2d 1364, 1365 (Fla. 3d DCA 1995)("As to the state's impermissible comment on defendant's right to remain silent, defendant's failure to request a curative instruction or a mistrial after the court apparently sustained defendant's objection precludes awarding a new trial based on that comment"); Jean v. State, 638 So.2d 995, 997 (Fla. 4th DCA 1994) ("appellant's complaint of an improper comment on his right to remain silent was waived when appellant refused the court's offer of a curative instruction"). The error was not fundamental. See Walker v. State, 701 So.2d 1258, 1261 (Fla. 5th DCA 1997)(en banc)(citing State v. Marshall, 476 So.2d 150 (Fla.1985))(the harmless error rule applies in cases involving comments on the right to remain silent).
AFFIRMED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] A violation of Section 893.135(1)(b)(1)(c), Fla. Stat.
[2] In determining whether the totality of circumstances gives rise to the determination that consent was freely and voluntarily given, the circumstances to consider include the defendant's age, education, intelligence, knowledge, and the degree of the defendant's ability to adequately speak and understand English. See Balthazar v. State, 549 So.2d 661, 663 (Fla.1989); Restrepo, 438 So.2d at 77-78.
[3] The comment which garnered defense counsel's objection: "Well, taking that same vehemence and force that he used to inform the officer that he wasn't speeding, why would not a person whose just been placed under arrest, placed in handcuffs, why doesn't that person ask, "What are you handcuffing me for? What are you doing?"" (emphasis supplied.)