269 So.2d 400 (1972)
Eric Brian SCHAUFELE, Appellant,
v.
STATE of Florida, Appellee.
No. 71-848.
District Court of Appeal of Florida, Fourth District.
November 22, 1972.
Craig R. Wilson, of Ruffolo & Wilson, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
REED, Chief Judge.
By an information filed on 17 March 1970 in the Criminal Court of Record for Palm Beach County, Florida, the defendant was charged with the unlawful possession or control of a narcotic drug in violation of Section 398.03, F.S. 1969, F.S.A. The defendant was convicted by a jury and ultimately sentenced to the Division of Corrections for a period of six months to two and one-half years.
The defendant raises two points for our consideration. The second point which we hold to be without merit does not require a discussion. The first point is whether or not there was sufficient evidence to show that the defendant's possession and control of the narcotic in question was accomplished by knowledge on his part that the thing possessed and controlled was a narcotic drug.
The pertinent evidence supplied by the state indicates that on 14 March 1970 the defendant presented himself at the Lake Worth, Florida, post office with a postal notice directing the addressee to pick up a parcel. The parcel was addressed to "Mark Chandler" at 832 North "E" Street, Lake Worth, Florida. The defendant asked a clerk to give him the parcel and identified himself as "Mark Chandler", the addressee shown on the notice. When asked for identification, the defendant told *401 the clerk that he was not Mark Chandler; that Chandler lived with him, but was then overseas in the service. The defendant produced identification, signed a receipt with his proper name, and took the parcel. He walked from the post office to his parked automobile, threw the unopened package into the automobile, and was thereupon arrested by a special agent for the U.S. Treasury Department. The time lapse from the defendant's receipt of the package to the arrest was approximately one minute. The contents of the package were later examined by a chemist and determined by him to be a derivative of cannabis commonly known as "hashish." After defendant's arrest, a police officer from the Lake Worth Police Department went to the defendant's residence and made inquiries about Mark Chandler. He was unable to obtain any information as to Chandler's whereabouts or the reality of his existence.
The question is whether or not the foregoing facts constitute competent substantial evidence that the defendant knew the parcel contained a narcotic, such knowledge being an essential although implicit element of the crime charged. Frank v. State, Fla.App. 1967, 199 So.2d 117. The appellate court's problem when reviewing the sufficiency of the evidence is to determine whether a reasonable mind might accept the evidence as adequate to support a conviction. Miles v. State, 1948, 160 Fla. 523, 36 So.2d 182. Even viewing the evidence in the light most favorable to the verdict there appears no more reason for inferring therefrom guilty knowledge than innocence of mind. Thus, applying the test of Miles v. State, we hold that the evidence on the essential element of knowledge is insufficient and conclude that the trial court erred in not granting the defendant's timely motion for new trial.
In Rutskin v. State, Fla.App. 1972, 260 So.2d 525, 526, the First District Court of Appeal dealt with a question almost identical to the one before us. The only significant factual distinction between the Rutskin case and ours is that in Rutskin the defendant was the addressee of the parcel whereas in ours the defendant purportedly picked up the parcel for the addressee. Even with that distinction, the rationale of Rutskin applies equally to the facts before us. There Judge Donald Carroll writing for the First District said:
"In this appeal the appellant contends, and we think rightly, that the above evidence is legally insufficient to prove that he had knowledge that the mail parcel contained marijuana... .
"... There was no evidence that the appellant had knowledge that the unopened parcel contained marijuana. The fact that he happened to be the addressee of the parcel obviously does not supply the evidence that he knew that the parcel contained marijuana or any other contraband. If this were not so, any innocent person could be convicted of possession of marijuana just because he happens to be the recipient of a package containing marijuana." (Emphasis added.)
On the basis of the error mentioned above, the judgment and sentence are reversed and the cause is remanded for a new trial.
Reversed and remanded.
MAGER, J., and WEHLE, VICTOR O., Associate Judge, concur.