344 So.2d 1315 (1977)
Alfred C. WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 76-419.
District Court of Appeal of Florida, Second District.
April 27, 1977.
Rehearing Denied May 18, 1977.
*1316 Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was convicted of carrying a concealed firearm in violation of Section 790.01(2), Florida Statutes (1975). He now attacks the refusal of the court to instruct the jury concerning the knowledge of the appellant of the presence of the firearm.
Appellant was arrested for having a pistol under the seat of his automobile. His sole defense to the charge was that he was unaware of the presence of the pistol. To support his defense, appellant introduced some evidence which could prompt a jury to believe that the pistol had been placed in his automobile without his knowledge.
At the conference on jury instructions, appellant's counsel requested an instruction to the effect that the state was required to prove that appellant had knowledge of the presence of the weapon and cited the court to Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967). The court declined to give such an instruction. Instead, the court instructed the jury that the elements of the charged offense were (1) "the defendant did carry on or about his person a weapon of the kind charged in the information" and (2) "the weapon was concealed so as not to be apparent upon casual observation by others who might be close to the defendant."
In the Frank case relied upon by counsel below, the question was whether the court should have charged the jury on the issue of scienter or knowledge where the defendant was charged with the unlawful possession of marijuana. The marijuana had been *1317 found in several places in an apartment shared by the defendant with another man. Both persons had equal custody and control of the apartment and equal access to the places where the contraband was found. The court concluded that before the defendant could be convicted of the charge, the state had to establish beyond a reasonable doubt that the accused knew of the presence of the marijuana on the premises. Reasoning that scienter constituted a factual issue to be resolved by the jury upon proper instructions, the court reversed the judgment for failure to give the requested instruction. While Frank involved the unlawful possession of marijuana, it has been held in Lawson v. State, 251 So.2d 683 (Fla. 3d DCA 1971), that proof of knowledge of the presence of the firearm was essential to a conviction for carrying a concealed firearm. If it were not so, it would be virtually impossible to sustain the defense of a person who contends that he was "framed." Cf. Rutskin v. State, 260 So.2d 525 (Fla. 1st DCA 1972).
Upon the introduction of evidence that a pistol was found concealed in appellant's car in close proximity to the appellant, there arose an inference that appellant had knowledge of the presence of the pistol. However, appellant denied knowing it was there and suggested the possibility that it might have been placed under the seat by a friend to whom he had loaned his car the previous evening or by another friend who had repaired the brakes earlier that day. The issue was squarely presented, and, as in Frank, the appellant was entitled to an instruction on scienter.
The remaining question is whether the appellant is in a position to complain of the failure to give the instruction because his counsel failed to submit a requested instruction in writing. Ordinarily, an oral request for an instruction unaccompanied by a written instruction in the form of which it is requested precludes a party from attacking on appeal the failure to give the requested instruction. Foreman v. State, 47 So.2d 308 (Fla. 1950); Egantoff v. State, 208 So.2d 843 (Fla. 2d DCA 1968). However, our supreme court in Brown v. State, 206 So.2d 377 (Fla. 1968), held that in view of the judge's response that he was not going to give a charge on the subject which had been orally requested, the submission of a particular formal written instruction was unnecessary to preserve the point for appeal because this would have been a useless gesture.
Here, appellant's counsel specifically stated the subject matter of his requested instruction and cited the court to a case which strongly suggested the need of the instruction to be given. Keeping in mind that the court always has the responsibility to instruct the jury on the law of the case, that this was a criminal rather than a civil action, that the point was critical to the appellant's defense, and that the language of such an instruction could have easily been adapted from the Frank case, we hold that the court erred in failing to instruct the jury that knowledge by the appellant of the presence of the firearm was essential to conviction of the crime.
REVERSED and REMANDED for a new trial.
BOARDMAN, C.J., and SCHEB, J., concur.