353 So.2d 952 (1978)
James COLE, Appellant,
v.
STATE of Florida, Appellee.
No. 77-431.
District Court of Appeal of Florida, Second District.
January 11, 1978.
*953 Jack O. Johnson, Public Defender, Bartow, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Appellant was convicted of possession of a barbiturate pursuant to Section 893.13(1)(e), Florida Statutes (1975). The trial court withheld adjudication and placed him on probation for three years. On this appeal appellant contends the trial court erred when it reinstructed the jury on the essential elements of the offense, but refused to include in the reinstruction the requirement that the state must prove knowledge of possession on the part of appellant. We agree with appellant and reverse.
Appellant testified in his own behalf. He said that on the evening of his arrest he had visited a bar with several friends, and that as he left he had picked up some napkins from the table where he had been sitting and drinking. Appellant claimed he was suffering from a cold and intended to use the napkins as handkerchiefs for his runny nose. Shortly after leaving the bar, appellant was arrested for drinking on a public street in violation of a municipal ordinance. Appellant testified that when he was searched by the police officer the napkins were taken from his pocket, and the capsule was found in the napkins. Appellant denied knowing that the capsule was there, and surmised that it must have been placed there by one of the many visitors to his table while he was at the bar. Thus, appellant framed his defense as one of unwitting possession of the contraband found on his person.
At the conclusion of the evidence, the trial judge read to the jury the following Standard Jury Instruction on actual possession:
To possess means to have personal charge of or exercise the right of ownership, management or control over the thing possessed. If a thing is in the hand or on the person or in a bag or container in the hand or on a person or is so close as to be within ready reach and is under the control of the person, it is in the actual possession of that person.
Appellant submitted an additional instruction that was intended to inform the jury that it was necessary for the state to prove that he actually knew he possessed the capsule. The trial court declined to give the requested instruction, but did instruct the jury:
[I]n addition, if you find that the defendant actually knew that this pill was on his person, then he did have the necessary knowledge to possess it.
While appellant sought a more amplified instruction on unwitting possession, he recognizes the foregoing was sufficient to instruct the jury on the requirement of scienter, i.e., knowledge on appellant's part of the presence of the contraband on his person.
After commencing its deliberations the jury returned to ask a question, at which time the following dialogue took place:
THE COURT: I understand that you have a question for the Court?
JUROR NUMBER ONE: Yes, we do. It's a question over the word "control." Possession, yes, but control, we don't know exactly what that word means.
THE COURT: All right. I am going to reread the definition to you of possession. You pay strict attention.
The judge then reread the actual possession instruction, but omitted the additional instruction on specific knowledge that he had previously given. Defense counsel objected to this omission, but to no avail. Thereafter, the jury returned a verdict of guilty as charged.
Appellant contends, and we agree, that the added instruction on knowledge originally given by the court was essential to make the instruction on possession complete.[1] *954 A literal application of just the standard instruction on actual possession would have allowed the jury to find appellant guilty of possession, even if such possession was unwitting. Such a finding would be unwarranted. See Sindrich v. State, 322 So.2d 589 (Fla. 1st DCA 1975); Schaufele v. State, 269 So.2d 400 (Fla. 4th DCA 1972). The trial court's additional charge clarified the issue by explaining to the jury that appellant had to have actual knowledge of the capsule's presence.
In Wilson v. State, 344 So.2d 1315 (Fla. 2d DCA 1977), we emphasized the need, upon request, for a trial judge to instruct on scienter or knowledge where a defendant denies actual knowledge of being in possession of proscribed items. There the defendant, who was tried for carrying a concealed weapon, testified that the gun found under his car seat had been placed there by someone else without his knowledge. The trial court refused defense counsel's requested instruction to the effect that the state was required to prove that the defendant had knowledge of the presence of the gun. In reversing, Judge Grimes, speaking for this court, opined, "[P]roof of knowledge of the presence of the firearm was essential to a conviction for carrying a concealed firearm. If it were not so, it would be virtually impossible to sustain the defense of a person who contends he was `framed.'" 344 So.2d at 1317.
In the instant case the Standard Jury Instruction alone did not adequately explain the necessary element of actual knowledge, as the trial judge recognized. Therefore, it was necessary to give, as the court did, some added instruction to clarify the state's burden of proof.
Later, when the jury interrupted its deliberations to seek further guidance from the court, the trial judge repeated only the actual possession instruction and not the additional instruction on knowledge. When a jury returns to the courtroom and asks to be reinstructed, the trial court should ordinarily limit its reinstructions to whatever is necessary to answer the jury's specific question. But the additional charge must be complete in respect to the subject on which the jury requests reinstruction; otherwise, a partial instruction can lead to undue emphasis on the part given as against the part omitted. Hedges v. State, 172 So.2d 824 (Fla. 1965); Reynolds v. State, 332 So.2d 27 (Fla. 1st DCA 1976); Faulk v. State, 296 So.2d 614 (Fla. 1st DCA 1974).
In our judgment it was essential for the jury, once it was reinstructed on possession, to have had the benefit of the instruction on knowledge; without it, under the circumstances of this case, the instruction on possession was incomplete. We, therefore, hold the trial court erred in refusing to completely reinstruct on the issue of possession as related to appellant's defense.
The judgment and sentence of the trial court is reversed and appellant is awarded a new trial.
OTT and DANAHY, JJ., concur.
NOTES
[1] The prefatory note to the standard instruction relating to drug abuse offenses explains the impracticality of publishing specific instructions as to all acts proscribed by Section 893.13, Florida Statutes. This emphasizes the need for the trial bench to fashion additional specific instructions where required.