SCHEB, Judge.
Appellant Deal was tried by jury and convicted of attempted first-degree murder and conspiracy to commit kidnapping. He was sentenced to 20 years imprisonment for the attempted murder and 15 years on the conspiracy conviction with the sentences to run concurrently. Appellant seeks to overturn both convictions.
*44 Appellant raises three issues. First, whether the evidence was sufficient to establish premeditation in his attempted-murder conviction; second, whether the evidence was sufficient to prove conspiracy to kidnap; and third, whether the court erred in failing to instruct the jury that conspiracy to falsely imprison is a lesser-included offense of conspiracy to kidnap. We reject appellant’s contentions on the first and second issues raised; on basis of the record before us we do not reach the third issue. We affirm both convictions.
Thirteen witnesses testified on behalf of the state, and there were no significant conflicts. The defense did not choose to present any testimony. The state’s evidence revealed that appellant had met with the victim, Frank Liguori, on several occasions in regard to payment of money for a quantity of marijuana previously delivered to Liguori. The last of these meetings occurred just a few days before the incident which led to the charges against appellant. At this meeting appellant told the victim that he better come up with the money or else someone would do “weird things” to him. Appellant further admonished him that people who don’t pay what they owe sometimes get hurt.
On the day in question appellant, another man, and two women drove to a point near the victim’s house. On the way they discussed a plan whereby one of the females, unknown to the victim, would approach the victim and entreat him to come to the car. Once there, the plan was for appellant to force his victim to accompany them to Tampa. Appellant and his companions also discussed roughing up the victim, and keeping him on bread and water.
On arriving at their destination appellant concealed his car, and the designated female approached the victim where he was working in his front yard. As a ploy, the woman said her car was broken down a short distance down the street and asked for his assistance. As the victim approached the vehicle as requested, appellant got out of the car and, displaying a gun, ordered the victim to get in. When the victim realized what was developing he ran toward his house. At this point appellant fired one shot at him which missed. Then appellant fired a second shot which hit the victim in the hip, and finally a third which hit him in the arm. By this time the victim was able to get into his house without being further injured. Fortunately, neither of the- wounds' proved to be fatal.
Appellant correctly points out that premeditation is an essential element of attempted first-degree murder, just as it is for the offense of first-degree murder. Driggers v. State, 164 So.2d 200 (Fla.1964). We find appellant’s statement and actions provided ample evidence to support the jury’s findings that he acted with a premeditated design to effect the death of his victim.
We also find sufficient evidence to support the conviction for conspiracy to kidnap. There was direct evidence that appellant was a party to the pflanned use of force to make the victim accompany him to Tampa. Although the testimony supporting the charge was obtained from one of the women involved under a grant of immunity, the coordinated efforts of the members of appellant’s party in attempting to lure the victim into their car infers the confederation among appellant and his companions. This circumstantial evidence alone is enough to prove conspiracy. Bass v. State, 172 So.2d 614 (Fla. 2d DCA 1962).
Finally, appellant contends the trial court erred in failing to instruct the jury that conspiracy to falsely imprison under Section 787.02(1)(a), Florida Statutes (1975), is a lesser-included offense of conspiracy to kidnap under Section 787.01(1)(a)(3). We do not reach the merits of this contention because no appropriate request, as contemplated by Fla.R.Crim.P. 3.390, was made to the trial judge to instruct the jury on this subject. Nor does the record before us show any basis for the exception we found in Wilson v. State, 344 So.2d 1315 (Fla. 2d DCA 1977). Therefore, appellant cannot attack on appeal the trial judge’s failure to give such an instruction. Foreman v. State, *45 47 So.2d 308 (Fla.1950); Egantoff v. State, 208 So.2d 843 (Fla. 2d DCA 1968).
Affirmed.
BOARDMAN, C. J., and HOBSON, J., concur.