WENTWORTH, Judge,
dissenting.
The requested instruction should have been given in this case, under the teachings of Brown v. State, 206 So.2d 377 (Fla.1968). Appellant clearly requested the instruction, and while no formal objection was made after the denial of the request, it was clear from the court’s pronouncements that such would be fruitless, and the court in fact recognized a notation of objection by inquiring: “Are there any exceptions or objections to the instructions as given, other than those already duly noted?” The record shows that the court was aware that appellant’s request was based on the contention that battery is a lesser included offense as defined in Brown, supra, which clearly complies with the Supreme Court’s requirement of an objection sufficient to “apprise the trial judge of the putative error.” Castor v. State, 365 So.2d 701, at 703 (Fla.1978). I would not require a useless gesture and, in the circumstances of this case, would rule that the error has been preserved for appeal in accordance with the general language of Fla.R.Crim.P. 3.390(d) and (e), stating “the giving or the failure to give an instruction” may not be grounds of appeal unless the party “objects thereto . .. stating distinctly ... the grounds,” but “no exception need be made to the court’s ruling thereon.” See Brown v. State, supra; Wilson v. State, 344 So.2d 1315 (Fla.2d DCA 1977).