McCORD, Judge.
Appellant Twylo Barnes appeals her conviction after trial by jury of second-degree murder of her husband. We reverse and remand for a new trial.
Appellant asserts that she provided a plausible explanation of the incident resulting in her husband’s death, which established that she acted in self-defense and, therefore, the trial court erred in denying her motion for judgment of acquittal. Although appellant’s explanation was plausible, some other evidence was not consistent in all respects with portions of her account. Thus, guilt was properly submitted to the jury, although there was a paucity of evidence to refute her defense.
As mentioned above, at trial appellant’s defense was self-defense. It was based on her claim that her husband had a tendency to act violently and had threatened her on previous occasions as well as on the occasion in question and on that occasion he was attempting to get a gun to kill her when she shot him.
During cross-examination of appellant’s daughter by a previous marriage, defense counsel questioned the daughter regarding an argument between the deceased and appellant during the week before the deceased’s death. The state objected, and the court sustained the objection on the ground of irrelevancy and refused to hear appellant on that point. Later, defense counsel attempted to question appellant as to her knowledge of a previous fight between the deceased and another man for which the deceased was facing aggravated assault charges at the time of his death. The court sustained the state’s objection to that testimony and no proffer was sought by appellant.
Appellant argues that the above lines of questioning were relevant to her claim of self-defense. We agree. There was no proffer of the excluded testimony, however, and we are, therefore, unable to determine whether or not the answers, if given, would have been relevant to show a violent nature of the deceased, threats toward appellant, her knowledge of his violent propensities or her fear of him, but under the peculiar circumstances of this case, which included evidence that the deceased had been sexually molesting appellant’s daughter, we consider that in the interest of justice, appellant should be granted a new trial. Compare Tribbs v. State, 397 So.2d 1120 (Fla.1981), in which the court said:
By eliminating evidentiary weight as a ground for appellate reversal, we do not mean to imply that an appellate court cannot reverse a judgment or conviction “in the interest of justice.” The latter has long been, and still remains, a viable and independent ground for appellate reversal. Rule 9.140(f) of the Florida Rules of Appellate Procedure (1977) provides the relevant standards: *541 In the interest of justice, the court may grant any relief to which any party is entitled. In capital cases, the court shall review the evidence to determine if the interest of justice requires a new trial, whether or not insufficiency of the evidence is an issue presented for review.
This rule, or one of its predecessors, has often been used by appellate courts to correct fundamental injustices, unrelated to evidentiary shortcomings, which occurred at trial. Retrial in these circumstances is neither foreclosed, nor compelled, by double jeopardy principles. Each situation is unique.
Compare also Wright v. State, 348 So.2d 26 (Fla. 1st DCA 1977).
We have considered the remaining points raised by appellant and find them to be without merit.
Reversed and remanded for a new trial.
SHIVERS, J., and LILES, WOODIE A., (Retired) Associate Judge, concur.