NIMMONS, Judge.
The sole issue on appeal is whether the trial court reversibly erred in refusing to instruct the jury that the state must prove, in a prosecution of the defendant for possession of contraband in a state correctional institution under Section 944.47, Florida Statutes, that the defendant had knowledge of such possession. We reverse.
The defendant, an inmate of the Union Correctional Institution, testified that when he was coming out from the visiting park, another inmate asked that he bring some cigarettes in for him. The inmate gave the defendant a bag which the defendant says he assumed contained the cigarettes. He was then searched at the “movement center” by an officer who removed three sealed cigarette packages from the bag. The officer removed the cellophane wrappers, opened the packages, and discovered a fifty dollar bill and a quantity of cannabis. That was the first time, according to the defendant, that he had any knowledge of the existence of such contraband.
There was no evidence, other than the defendant’s possession of the bag, indicating the defendant’s knowledge of the presence of the contraband. The defendant does not contend that the evidence was insufficient to support the verdict of guilty. Compare Schaufele v. State, 269 So.2d 400 (Fla. 4th DCA 1972). He does contend, however, that he was entitled to have the jury charged on the theory of his defense, unwitting possession of the contraband. The defendant was entitled to an instruction that knowledge of the presence of the contraband was an essential element of the crime charged. See Cole v. State, 353 So.2d 952 (Fla. 2nd DCA 1978); Williams v. State, 413 So.2d 1263 (Fla. 1st DCA 1982); and Wilson v. State, 344 So.2d 1315 (Fla. 2nd DCA 1977).
The state contends that the trial court’s instructions were sufficient to adequately charge the jury. There is no standard jury instruction on the subject crime contained in the Florida Standard Jury Instructions In Criminal Cases (1981 Edition). Accordingly, the court relied principally, and correctly so, upon the standard instructions appearing under “Drug Abuse — Possession, F.S. 893.13(l)(e)” found at page 225 of the above-referred instruction manual. However, the court omitted the third element that the defendant “had knowledge of the presence of the substance.” *447 And although the court did include the instruction that “if a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed,” such did not serve to inform the jury that, as a prerequisite to conviction, the jury must find that the defendant had knowledge of the presence of the contraband.
Accordingly, the judgment is reversed and the case is remanded for a new trial.
Reversed and Remanded.
MILLS, J., and PEARSON, TILLMAN, (Ret.) Associate Judge, concur.