519 So.2d 658 (1988)
Henry Dejesus ACOSTA, Appellant,
v.
STATE of Florida, Appellee.
No. BS-228.
District Court of Appeal of Florida, First District.
January 12, 1988.
Rehearing Denied February 23, 1988.
*659 Leo A. Thomas of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen. and Gary Printy, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
The appellant raises seven issues in this criminal appeal, five of which we decline to discuss and affirm. We reverse as to the remaining two issues, however, finding that the trial court erred in denying appellant's motion to suppress contraband articles found within an automobile which defendant had possession, or, in the alternative, in failing to give appellant's requested jury instruction on knowledge.
Appellant was stopped for driving his vehicle in excess of the lawfully posted speed limit while traveling westbound on Interstate 10 by Highway Patrolman Barney Stallworth. As Stallworth approached the automobile, a two-door hatchback, he noticed that the spare tire was lying on top of the trunk floor mat, instead of inside the tire well underneath the floor mat. After asking appellant for his driver's license and registration, Stallworth next asked him if he could search the car. This request had to be made twice to the appellant, who was of Hispanic origin, before he opened the rear hatch. Stallworth then removed the tire and opened the tire well, finding ten packages wrapped in opaque plastic tape. At this point, the appellant became very emotional, began crying, and fell to his knees in a praying stance, stating repeatedly, "That son of a bitchy. He put it in my car." The appellant was arrested and charged with trafficking in cocaine in excess of 400 grams.
The appellant moved to suppress as evidence the seized packages, contending that the search was conducted without a warrant and that no exceptions to the warrant requirement existed. The trial court denied the motion, stating that the appellant lacked standing to contest the search and that even if he did possess standing, the search was valid, based on consent and probable cause. The appellant then proceeded to trial and was found guilty of the charged offense.
Initially, we disagree with the trial court's ruling that the appellant lacked standing to contest the search. The appellant was in exclusive possession of the vehicle and produced valid registration papers, disclosing that the vehicle belonged to his mother, appellant explaining that he had permission to drive it. Under the circumstances, the appellant did not lack the requisite standing necessary to contest the search. See Diaz-Fonseca v. State, 483 So.2d 558 (Fla. 3d DCA 1986) (sufficient possessory interest in area to be searched established through evidence showing that defendant legitimately obtained possession of articles through the consent of his uncle).
We also conclude that the trial court erred in denying the appellant's motion to suppress. When the state relies, as here, on consent to justify the lawfulness of a search, it has the burden of proving that the consent obtained was freely and voluntarily given, Norman v. State, 379 So.2d 643 (Fla. 1980); a burden that can only be established by clear and convincing evidence. Bailey v. State, 319 So.2d 22 (Fla. 1975). In determining whether a defendant's *660 consent to search was freely and voluntarily given, the trial court is required to assess the totality of all the circumstances surrounding the consent, including the defendant's youth, his lack of education, the level of his intelligence, the lack of any advice of his constitutional rights, the length of detention, and the repeated and prolonged nature of the questioning. Schneckloth v. Bustamonte, 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854, 862 (1973). Although knowledge of one's right to refuse a search without a warrant is a factor to be considered in determining whether the consent obtained was freely and voluntarily given, there is no per se requirement that a defendant must be informed of such right. Id., 412 U.S. at 227, 93 S.Ct. at 2047, 36 L.Ed.2d at 863; Bailey v. State, 319 So.2d at 27; Wilson v. State, 470 So.2d 1, 2 (Fla. 1st DCA 1984).
As applied to the particular circumstances at bar, however, we consider that the failure of the interrogating officer to advise the defendant of his right to refuse to give consent to a search compels reversal of the order denying the motion to suppress, and its implicit finding that the state established by clear and convincing evidence that the defendant voluntarily consented to the search of his vehicle. The record before us shows that the defendant, who had been in this country for only three years at the time of the seizure of the articles, had difficulty in communicating in English. Although Officer Stallworth testified that the appellant responded to his request for display of the license and registration, he also stated that he had to ask the appellant twice to search the vehicle. In a situation in which it became obvious to Stallworth that the appellant may not have understood his request, we consider that it was incumbent upon him, pursuant to the totality of the circumstances test, to advise the defendant of his right to refuse consent to search.
On two occasions this court has invalidated consent searches on facts showing that the defendants had no English-speaking skills. See Rosell v. State, 433 So.2d 1260 (Fla. 1st DCA 1983), pet. for rev. denied, 446 So.2d 100 (Fla. 1984), and disapproved on other grounds, Chao v. State, 478 So.2d 30 (Fla. 1985) (no voluntary consent given to officer by Spanish-speaking defendant, who, in compliance to the officer's gesture that he open the door to the camper top the defendant was driving, merely complied with that request); see also Palacios v. State, 434 So.2d 1031, 1032-33 (Fla. 1st DCA 1983), (invalidating a search based on consent on facts showing that a defendant, who spoke no English, complied with an officer's motion for him to open the rear door to the cargo section of truck that Palacios was driving; the court concluding that the defendant's action in opening the rear door was nothing more than mere submission to the apparent authority of the uniformed officer, "and, as such, was far short of the knowing, free and voluntary consent necessary to comply with Fourth Amendment protections.")
In the case at bar, there is no evidence that Trooper Stallworth either explained to the appellant that he had a right to refuse a search, or that he made any attempt to bring an interpreter to the scene.[1] If Stallworth had done the latter, the greater burden imposed upon the government to show voluntary consent in the case of an illiterate or foreigner who does not readily understand English, see Kovach v. United States, 53 F.2d 639 (6th Cir.1931); United States v. Wai Lau, 215 F. Supp. 684 (S.D.N.Y. 1963), aff'd., 329 F.2d 310 (2d Cir.1964), cert. denied, 379 U.S. 856, 85 S.Ct. 108, 13 L.Ed.2d 59 (1964), may have been overcome by an interpreter who adequately informed the defendant that the search could not be undertaken without his consent. See Garcia v. State, 186 So.2d 556 (Fla. 3d DCA 1966).
We therefore conclude that under the Schneckloth test, the appellant's consent was not, under the circumstances at bar, voluntarily given, pursuant to the clear and convincing standard of proof,[2] and, as there are no other applicable exceptions to the *661 warrant requirement, the evidence seized should have been suppressed.
Although our ruling reversing the denial of the motion to suppress requires that the appellant be discharged, we would also observe that even if we had found that the motion to suppress was properly denied, we would have reversed and remanded for a new trial, due to the trial court's failure to give the jury appellant's requested jury instruction on knowledge. The appellant's theory of defense was that the cocaine found was placed in the vehicle by someone else and that he had no knowledge of its presence until it was discovered by Stallworth. It is clear from case law that if an instruction regarding whether an appellant had knowledge of the nature of the contraband is requested, failure to so instruct may be reversible error. See State v. Dominguez, 509 So.2d 917 (Fla. 1987) (upholding district court's ruling that failure to give a requested instruction that the defendant knew the substance was cocaine warranted a new trial); Howard v. State, 467 So.2d 445 (Fla. 1st DCA 1985) (jury, as a prerequisite to a conviction, must find that the defendant had knowledge of the presence of the contraband); Cole v. State, 353 So.2d 952 (Fla. 2d DCA 1978) (standard jury instruction alone did not adequately explain the necessary element of actual knowledge); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967) (failure to instruct on knowledge was reversible error).
REVERSED and REMANDED with directions that appellant be discharged from further custody as to the offense at issue.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] An interpreter in fact assisted defendant during his examination at trial.
[2] We recognize that if in the event no police misconduct preceded the consent to search, the issue of the voluntariness of the search would be judged by the preponderance of the evidence standard. See Denehy v. State, 400 So.2d 1216 (Fla. 1980); State v. Blan, 489 So.2d 865 (Fla. 1st DCA 1986). The latter standard, however, as earlier indicated, is inapplicable to the facts at bar, due to Trooper Stallworth's antecedent police misconduct: his repeated requests for consent, and his failure to advise the defendant of his right to refuse consent, once it became reasonably apparent to him that the defendant may not have understood the requests, caused by the defendant's difficulty in speaking the English language.