WENTWORTH, Judge.
Appellant seeks review of convictions of trafficking in cocaine and possession of cocaine with intent to sell, and sentences of concurrent 15 and 5 year terms of incarceration. He contends the trial court erred in dénying his motion to suppress and in convicting him both of trafficking in cocaine and possession of cocaine with intent to sell. We affirm as to the denial of the motion to suppress, but reverse as to the convictions of and sentences for both traf *305 ficking in cocaine and possession of cocaine with intent to sell.
Appellant on May 6,1986 was stopped by a Florida Highway Patrol Trooper for speeding on Interstate 10. Appellant produced a valid temporary driver’s license, title and car rental papers, and exited the car upon request. The trooper testified that appellant appeared to be very nervous, and that appellant stated he had visited a friend in Tallahassee but was unable to name either the friend or the friend’s address. The trooper then asked appellant if he could search the vehicle and appellant, according to the trooper, nodded his head in the affirmative. The trooper opened the trunk of the car and observed two suitcases inside. He stated that after he asked permission to open the suitcases, appellant shook his head affirmatively. The trooper found a flour sifter inside one of the suitcases. He stated that, based upon his experience, he associated flour sifters with cocaine. He then searched the passenger compartment and found a taped, plastic-wrapped package under the front passenger seat. He poked a hole in the package to determine the contents, which later were established in a field test to be cocaine. He then advised appellant of his rights, and handcuffed and searched him. After the arrest, appellant told the trooper that he had received $2,000 to drive the car from Miami to Texas. Appellant was charged with trafficking in cocaine, possession of cocaine with intent to sell or deliver, and simple possession of cocaine.
Appellant moved to suppress the cocaine and his statement on grounds that he was illegally detained and questioned, and his vehicle was illegally searched without a warrant based on the arresting officer’s bare suspicion. Appellant further alleged that the trooper had exceeded the scope of appellant’s consent to the search of the trunk of the vehicle. At the hearing the trooper testified that he requested permission to search the entire vehicle. Appellant testified that he was a Nicaraguan citizen who had lived in the United States for seven years, that he understood and spoke English, and had worked in the United States as a car salesman and warehouse employee. The court denied the motion to suppress, finding that the trooper’s testimony was more credible than appellant’s, and that the trooper had stopped the vehicle on a valid traffic stop. The court found that no police misconduct occurred prior to the search, and that the trooper had received permission from appellant to search the entire vehicle. The court found that because no police misconduct preceded the search, the consent to the search need only be shown by a preponderance of evidence. The court found that appellant’s proficiency in English was amply demonstrated during the hearing, as well as by his work experience.
Appellant entered pleas of nolo conten-dere to the charges, the parties stipulating that an appeal on the suppression issue would be dispositive. Appellant was convicted of trafficking in cocaine and possession of cocaine with intent to sell, and was sentenced to concurrent terms of 15 and 5 years incarceration.
Appellant concedes the initial stop of his car for speeding was proper. We find the subsequent search of the vehicle also was proper, based upon the totality of circumstances surrounding appellant’s consent to that search. See Acosta v. State, 519 So.2d 658 (Fla. 1st DCA 1988). The record indicates that appellant is proficient in the English language, is 34 years old and educated, and that he comprehended the trooper’s request and freely and voluntarily consented to the search. Appellant’s allegation that he was not informed of his right to refuse the search is not dispositive of this issue. “Although knowledge of one’s right to refuse a search without a warrant is a factor to be considered in determining whether consent was freely and voluntarily given, there is no per se requirement that a defendant must be informed of that right.” Acosta at 660. The record supports the trial court’s determination that no police misconduct preceded the consent to the search, and application of the preponderance of evidence standard therefore was proper. See Denehy v. State, 400 So.2d 1216 (Fla.1980).
*306 As to the scope of the consent, the trial court found the trooper’s testimony more credible than appellant’s on this and other aspects of the consent issue, and the record supports that finding. The trooper’s search of the package found under the passenger seat was justified under circumstances showing that appellant did not withdraw his consent to the search, and the trooper previously had found a flour sifter in the trunk, which gave him probable cause to believe that narcotics were present in the car. See Palmer v. State, 467 So.2d 1063 (Fla. 3d DCA 1985).
Appellant’s convictions of and sentences for both trafficking in cocaine and possession of cocaine with intent to sell are improper. See Carawan v. State, 515 So.2d 161 (Fla.1987). The convictions and sentences are therefore set aside. See Stell-recht v. State, 523 So.2d 171 (Fla. 1st DCA 1988); Campbell v. State, 517 So.2d 696 (Fla. 2d DCA 1987).
The judgments and sentences are reversed and the cause remanded for resen-tencing.
ERVIN and BOOTH, JJ., concur.