549 So.2d 661 (1989)
Benoit BALTHAZAR, Petitioner,
v.
STATE of Florida, Respondent.
No. 73465.
Supreme Court of Florida.
September 28, 1989.
Richard L. Jorandby, Public Defender, and Louis Carres, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and James J. Carney, Asst. Atty. Gen., West Palm Beach, for respondent.
BARKETT, Justice.
We have for review Balthazar v. State, 533 So.2d 955 (Fla. 4th DCA 1988), because of apparent conflict with Acosta v. State, 519 So.2d 658 (Fla. 1st DCA), review denied, 529 So.2d 695 (Fla. 1988). Our jurisdiction is discretionary.[1]
The issue presented is whether the state must demonstrate the voluntariness of a Miranda[2] waiver by a preponderance of the evidence or by clear and convincing evidence when the defendant alleges a limited understanding of the English language. We agree with the district court in Balthazar that the proper standard is preponderance of the evidence and approve the decision of the district court.
The state charged Balthazar with first-degree murder for killing Frances Delores Thompson in Palm Beach County during the morning of July 30, 1984. He was also charged with armed robbery. Balthazar was arrested in Lake County where he was interviewed by two Palm Beach Sheriff's detectives on July 31. The detectives read Balthazar his Miranda rights, after which Balthazar gave a videotaped statement.
Defense counsel sought to suppress the statement, claiming that Balthazar's limited understanding of English prevented him from voluntarily waiving his right against self-incrimination. The trial court held a *662 hearing on the defense motion. On direct examination, Balthazar testified through an interpreter that he was twenty-seven years of age; that he had emigrated from his native Haiti; and that he had lived in this country for eleven years where he had studied English in school. On cross-examination, at the state's request, Balthazar testified in English without the aid of an interpreter. He admitted that during a jury trial in 1979 he had testified in English without the aid of an interpreter. He also indicated that his study of English had continued for three years until 1982; that he had been married to an American wife with whom he communicated in English; and that he had worked at a construction company where he acted as an English interpreter between other Haitian employees and his employer.
The trial court denied the motion and expressly found that the state had demonstrated by a preponderance of the evidence that Balthazar voluntarily, knowingly, and intelligently waived his rights prior to interrogation. The state introduced the videotaped statement at trial, following which the jury convicted Balthazar of the two crimes.[3]
Balthazar appealed the trial court's order denying his motion to suppress. The district court affirmed. Balthazar now urges us to quash the district court opinion. He contends that interrogating a defendant who has a foreign native language is a "special circumstance" equivalent to those circumstances in which the clear and convincing standard is required as it was in Acosta.[4] We cannot agree.
The Florida Constitution protects a defendant from conviction based upon a coerced confession. Art. I, § 9, Fla. Const. Before the state may introduce a defendant's statement at trial, the state must show by a preponderance of the evidence that the defendant made the statement voluntarily. DeConingh v. State, 433 So.2d 501, 503 (Fla. 1983), cert. denied, 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984); Brewer v. State, 386 So.2d 232, 236 (Fla. 1980); Wilson v. State, 304 So.2d 119, 120 (Fla. 1974); McDole v. State, 283 So.2d 553, 554 (Fla. 1973). The fifth amendment privilege against self-incrimination likewise requires the government to prove the voluntariness of a defendant's statement by a preponderance of the evidence. Colorado v. Connelly, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). However, when there is evidence of antecedent police illegality, overreaching, or misconduct, the state must show voluntariness by a clear and convincing standard. Norman v. State, 379 So.2d 643, 647 (Fla. 1980); Bailey v. State, 319 So.2d 22, 27 (Fla. 1975).
As did the district court, we agree with the state's assertion that although the state's burden in proving voluntariness is heavier when the defendant claims language difficulties, the standard of proof remains the same. Restrepo v. State, 438 So.2d 76, 78 (Fla. 3d DCA 1983); Rosell v. State, 433 So.2d 1260, 1262 n. 1 (Fla. 1st DCA 1983), review denied, 446 So.2d 100 (Fla. 1984). Obviously, the degree of a defendant's ability to adequately speak and understand English is a significant factor which must be considered in the totality of the circumstances. Since that factor is not present in the average case, it would ordinarily require the state to present additional proof to establish a knowledgeable waiver. We see no difference between a language factor and other facts which might impinge upon a knowledgeable and voluntary waiver, such as limited intelligence or education, mental retardation, or emotional stress. Accordingly, we see no reason why a language factor, more than any other, should trigger a different standard of proof. Thus, we conclude that the standard of clear and convincing evidence that applied in Acosta because of police misconduct, *663 illegality, or overreaching does not extend to an alleged deficiency in the English language.
Accordingly, we approve the decision of the district court.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] The jury recommended life imprisonment on the capital felony. The court sentenced Balthazar to a term of life with a minimum of twenty-five years without parole on the capital felony count, and to six years' imprisonment on the armed robbery count.
[4] In Acosta v. State, 519 So.2d 658 (Fla. 1st DCA), review denied, 529 So.2d 695 (Fla. 1988), the district court required the state to prove consent to search by a clear and convincing standard because the record showed evidence of police misconduct.