579 So.2d 859 (1991)
Steven A. STRANGE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1725.
District Court of Appeal of Florida, First District.
May 17, 1991.
Rehearing Denied June 21, 1991.
David R. Thomas, DeFuniak Springs, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Steven A. Strange appeals his conviction of third degree murder with a firearm, robbery, possession of a firearm during the commission of a felony, and hunting without a license, alleging that several errors occurred during trial. He also appeals his sentence, which is outside the guidelines range, asserting the reason stated is invalid. We affirm.
Strange's first point contends that the lower court committed reversible error by failing to require the state to justify its use of peremptory challenges striking all prospective black female jurors from the jury panel. The trial court required the state to explicate its reasons for exercising the questioned peremptory challenges, and we conclude that the court acted in accordance with the criteria set forth in State v. Slappy, 522 So.2d 18 (Fla. 1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988).
The second point on appeal contends that the trial court erred in exceeding the guidelines sentencing range without a valid reason for doing so. The trial court set forth the following reason for departure:
The vicitm of the murder in this case was a uniformed officer of the Florida Game and Fresh Water Fish Commission engaged in the performance of his sworn duty.
The Florida Supreme Court has agreed that there is a special interest in affording protection to public servants who regularly must risk their lives in order to guard the safety of other persons and property. Law enforcement officers have been recognized as a special class *860 of crime victims and a defendant who chooses to make a law enforcement officer acting in the line of duty the victim of his crime is to be treated differently than a defendant who commits the same crime upon an ordinary citizen. State v. Baker, 483 So.2d 423 (Fla. 1986).
We affirm the validity of the stated reason on the authority of the cited decision in Baker.
Strange's third point argues that the trial court committed reversible error by failing to exclude a portion of his taped statement in which he stated that he ingested two or three marijuana "bong hits" at least four hours prior to the incident leading to the victim's death. Contrary to Strange's argument, the trial court's ruling on his motion in limine excluding this evidence in a prior trial which had ended in a mistrial did not become the law of the case binding on the subsequent trial; rather, the motion in limine had to be renewed and ruled on at the trial under review in order to be effective. Rule 3.640, Fla.R.Crim.P., provides that "[w]hen a new trial is granted, the new trial shall proceed in all respects as if no former trial had been had." (Emphasis added).[1] A reasonable interpretation of this rule suggests that even if, as Strange contends, the court granted the motion "preventing introduction of any evidence of Defendant's `use of marijuana at any time'" in the prior trial,[2] that order would not be controlling in subsequent trials. The motion in limine could not serve as the law of the case in the "new trial" unless it was renewed prior to or during such trial.[3] Treating the defense objection as preserving this issue for review, we conclude that the trial court's admission of the evidence comports with the criteria set forth in Edwards v. State, 548 So.2d 656, 658 (Fla. 1989).
The fourth point on appeal contends that the trial court committed reversible error in denying Strange's motion for judgment of acquittal, primarily on the argument that the circumstantial evidence was insufficient to overcome Strange's contention that he acted in self defense.[4] Although the evidence was circumstantial, there were material facts in dispute that the jury had to resolve in order to determine whether the killing was lawful. State v. Law, 559 So.2d 187 (Fla. 1989). Ordinarily, evaluation of testimony concerning self defense is the function of the trier of fact. Bristow v. State, 338 So.2d 553 (Fla. 3d DCA 1976); Payton v. State, 200 So.2d 255 (Fla. 3d DCA 1967). See also Barnes v. State, 406 So.2d 539 (Fla. 1st DCA 1981), rev. denied, 413 So.2d 877 (Fla. 1982) (in a proceeding where the defendant was convicted of second degree murder of her husband, the lower court did not err in denying the defendant's motion for judgment of acquittal and the evidence was sufficient to warrant submission of the case to the jury, although there was a paucity of evidence[5] to refute defendant's claim of self defense).
AFFIRMED.
BOOTH and SMITH, JJ., concur.
NOTES
[1] This rule is subject to a few exceptions not applicable to this case.
[2] The record on appeal does not contain a copy of a trial court's order or a transcript of the proceedings in which the trial court is said to have granted the motion.
[3] The record on appeal reveals that appellant did not make another motion in limine prior to or during the "new trial" under review. Appellant did make an objection, however, when the state announced that it was about to play the taped statement for the jury.
[4] We reject the state's argument that this issue was not properly preserved for appellate review.
[5] This court noted that "[a]lthough appellant's explanation was plausible, some other evidence was not consistent in all respects with portions of her account." 406 So.2d at 540.