SHIVERS, Judge.
This appeal is from a judgment and sentence for attempted second degree murder with a firearm, aggravated battery with a firearm, and possession of a firearm by a convicted felon. We reverse.
On the night before the fourth of July, 1990, there were gunshots outside a crowded bar called Ray’s Soul City in Pensacola. The police arrived and found bulletholes in walls and cars around the area. Jerald Wade was on the ground with pellet wounds to the chest; he was taken to the hospital. On November 15, 1990, Wade was charged by information with attempted first-degree murder with a firearm of Jeffrey Streeter, attempted battery with a firearm of Jonathan Gardner, and possession of a firearm by a convicted felon. Wade pled not guilty.
The case proceeded to trial on May 7, 1991. State presented testimony from Jeffrey Streeter that Wade initiated an argument with Streeter in a bar near Ray’s Soul City. Wade left the bar and said he was going to ‘get’ Streeter. Streeter testified that later, outside Ray’s Soul City, Wade drove by and began shooting at Streeter. Streeter returned fire with a shotgun, and Wade drove away. Streeter said that Wade attempted a second drive-by shooting, but this time Streeter disabled Wade’s car with a shot to the engine. He then shot Wade. Johnathan Gardner was a bystander who was also slightly injured during the shooting.
Wade presented the testimony of Charles Jackson, who said he witnessed the shooting from across the street. Jackson testified that Wade and Streeter were talking outside Ray’s Soul City. Wade got into his car and started to drive away when Street-er began shooting at Wade with a handgun and a shotgun. Wade stopped the car and got out. A bystander tossed Wade a gun, and Wade shot back.
Jackson was asked whether he was familiar with Streeter’s reputation. Jackson said he had not met Streeter, but he knew members of Streeter’s family. State objected. Outside the jury’s presence, Jackson proffered testimony that he is familiar with Streeter’s reputation in the community and had “heard a lot that [Streeter] likes to rob people.” After hearing argument, the trial court found the testimony was not pertinent or relevant and sustained the objection.
Tammy Mayes also testified that she saw the shooting. She said Streeter and Wade were talking loudly just before Streeter started shooting at Wade. Someone then tossed Wade a gun.
Wade testified Streeter robbed him at gunpoint outside Ray’s Soul City. Wade said that after he gave Streeter his money, he got into his car and started to drive away. Streeter started shooting at Wade. Wade’s car stalled, so Wade got out. Streeter shot Wade, who stumbled away. Someone tossed Wade a gun, and Wade fired back. Wade said he ran to a nearby house. The police arrived soon thereafter.
Defense rested and moved for judgment of acquittal; the motion was denied. During the charge conference, while discussing defenses to the charge of possession of a firearm by a convicted felon, the trial court stated, “There is no element of self-defense with possession of a firearm by a convicted felon. You have no authority to possess it one way or the other.” Defense counsel recited the five requisite elements for a jury instruction on the defense of necessity as listed in Marrero v. State, 516 So.2d 1052, 1055 (Fla. 3d DCA 1987) (quoting State v. Crawford, 308 Md. 683, 699, 521 A.2d 1193, 1200-01 (1987)). The trial court ruled the instruction would be given. State conceded, “I believe he is entitled to that, Your Honor, regrettably.” However, the trial court immediately changed its ruling, and the instruction regarding the defense of necessity was not given.
When discussing lesser included offenses to the attempted first-degree murder charge, the trial court said, “There is no such thing as attempted manslaughter. So I can’t imagine we can instruct on that.” Defense counsel agreed with the trial court’s conclusions and did not request that attempted manslaughter be given to the jury as a lesser included offense.
*666 Wade was found guilty as charged for aggravated battery with a firearm and possession of a firearm by a convicted felon. As to the charge of attempted first degree murder with a firearm, the jury found Wade guilty of the lesser included offense of attempted second-degree murder with a firearm.
The first issue raised by Wade on appeal is whether the trial court erred by excluding Jackson’s testimony regarding Streeter’s reputation as one who ‘likes to rob people’. His argument has merit.
Florida permits a defendant in a criminal case to introduce evidence of the violent reputation or character of a victim providing there is a showing of self defense on the part of the defendant. One legitimate basis for the admission of such evidence is for the purpose of showing that the victim was the first aggressor. When a defendant offers evidence for this purpose, it is unnecessary for him to show that he had prior knowledge of the victim’s propensities.
Pino v. Koelber, 389 So.2d 1191, 1194 (Fla.2d DCA 1980) (citations omitted). Prior to the proffer that Streeter “likes to rob people,” Jackson testified that (1) Wade acted in self defense and (2) he was aware of Streeter’s reputation in the community. Therefore, a proper foundation was laid to introduce testimony from Jackson regarding Streeter’s reputation. See generally, Ehrhardt, Florida Evidence § 405.1 (1992).
Under section 90.404(l)(b), Florida Statutes (1989), evidence of a pertinent character trait of the victim is admissible when offered by the accused to prove that the victim acted in conformity with his character. In this case the pertinent character trait is a propensity for violent behavior. Therefore, this issue may be restated as whether a reputation for being a robber is evidence of a propensity for violence.
‘Robbery’ is statutorily defined as “the taking of money or other property ... from the person or custody of another when in the course of the taking there is the use of force, violence, assault, or putting in fear.” Section 812.13(1), Florida Statutes (1989). It is more commonly defined as “[t]he act of unlawfully taking the property of another by the' use of violence or intimidation.” American Heritage Dictionary 1122 (11th ed. 1982). Therefore, robbery by its nature involves the threat of violence. Accord, US. v. Gonzalez-Lopez, 911 F.2d 542 (11th Cir.1990) (defendant’s prior Florida robbery conviction qualified as ‘crime of violence’ for purposes of Sentencing Guidelines’ career offender provision).
Therefore, the trial court erred by ruling that Streeter’s reputation for robbery was not relevant evidence of a pertinent character trait. Accordingly, we reverse on the basis that “all doubts as to the admissibility of evidence bearing on [a] theory of self-defense must be resolved in favor of the accused.” Warren v. State, 577 So.2d 682, 684 (Fla. 1st DCA 1991).
The second issue raised by Wade is whether the trial court erred by not including attempted manslaughter as a lesser included offense of attempted first degree murder. State concedes that attempted manslaughter is a necessarily lesser included offense of first-degree murder. See Taylor v. State, 444 So.2d 931 (Fla.1983); Arline v. State, 550 So.2d 1180 (Fla. 1st DCA 1989). However, the issue is not preserved and the error is not fundamental. Aguilera v. State, 526 So.2d 217 (Fla. 3d DCA 1988) (defense counsel’s specific agreement with the trial court’s determination not to instruct on necessarily lesser included offenses in a non-capital case precluded raising the issue on appeal); Jones v. State, 484 So.2d 577 (Fla.1986) (defendant in non-capital case did not have constitutional due process right to have jury instructed as to necessarily lesser included offenses).
The third issue raised by Wade is whether the trial court erred by failing to instruct the jury on necessity as a defense to the charge of possession of a firearm by a convicted felon. Defense counsel’s request for an instruction on the defense of necessity was adequate. Wilson v. State, 344 So.2d 1315 (Fla. 2d DCA 1977). The trial court initially ruled the instruction *667 must be given, and State agreed. Although the trial court eventually decided not to give the necessity instruction, we find the instruction should have been given. State argues on appeal that the instruction on justifiable use of deadly force covered most of the elements of necessity, but refusing to give the necessity instruction in its entirety is reversible error according to Marrero v. State, 516 So.2d 1052 (Fla. 3d DCA 1987).
We need not address the merits of the final issue raised by Wade, as the issue was not preserved by a contemporaneous objection. Crespo v. State, 379 So.2d 191 (Fla. 4th DCA 1980).
In sum, the trial court reversibly erred by not allowing defense testimony that the victim had a propensity for violent behavior and by not instructing the jury on the defense of necessity. Accordingly, we reverse and remand for a new trial.
REVERSED.
SMITH and KAHN, JJ., concur.