W. SHARP, J.,
dissenting.
Although this is a close case, I agree with Smith that, as requested by defense counsel, the trial court should have given the instruction concerning self-defense, as well as the defense of necessity,[1] because the former includes the “castle doctrine.” The castle doctrine provides:
If the defendant was attacked in [his][her] own home or on [his][her] own premises, [he][she] had no duty to retreat and had the lawful right to stand [his][her] ground and meet force with force, even to the extent of using force likely to cause death or great bodily harm if it was necessary to prevent: (death or great bodily harm to [himself][herself][another]).
Smith was charged with possession of a firearm by a convicted felon. His version of the events was that he was pursued into his home by the victim (“right on my back”), a much larger man, and that the victim was carrying a knife in one hand. Smith was frightened, and felt it was necessary to defend himself with a firearm. The necessity instruction would normally cover such circumstances, but here, as defense counsel expressly pointed out, Smith was being pursued by a knife-“toting” man into his home.
A defendant is entitled to have the jury instructed on applicable law if the evidence supports it. Campbell v. State, 577 So.2d 932, 935 (Fla.1991); Smith v. State, 424 So.2d 726, 732 (Fla.1982); Curington v. State, 704 So.2d 1137 (Fla. 5th DCA 1998); Spence v. State, 678 So.2d 459 (Fla. 4th DCA 1996); Garramone v. State, 636 So.2d 869 (Fla. 4th DCA 1994); Kelvin v. State, 610 So.2d 1359 (Fla. 1st DCA 1992). And where the evidence does support a particular jury instruction, it is error not to give it. Curington; Keys v. State, 606 So.2d 669 (Fla. 1st DCA 1992). The evidence in this case supports the instruction as Smith requested.
The necessity instruction provides that under certain circumstances a convicted felon may possess a firearm. One of those circumstances is the defendant “must not have any reasonable legal alternative to possessing the handgun.” The jury could have considered that Smith should have done something other than accept possession of a firearm; for example, locked himself in a bedroom, or left *498 the house to avoid a conflict. The self-defense instruction would have clarified that further retreat was not a reasonable alternative. Because these events took place in Smith’s home, I think that portion of jury instruction 3.04(d) regarding the “castle doctrine” was essential to completely instruct the jury on the defense being asserted. Application of the castle doctrine is a fact question, to be determined by the jury. Strange v. State, 579 So.2d 859 (Fla. 1st DCA 1991).

. See Marrero v. State, 516 So.2d 1052 (Fla. 3d DCA 1987) (outlines the necessity defense in relation to a charge of possession of a firearm by a convicted felon). See also Wade v. State, 610 So.2d 664 (Fla. 1st DCA 1992) (defendant charged with possession of a firearm by a convicted felon entitled to receive jury instruction on necessity). In the case sub judice the trial judge gave the following instruction:
It is a defense to the offense of a possession of a firearm by a convicted felon if you find the following: One, defendant must be in present imminent or peril of death or serious bodily injury or reasonably believed to be in such danger.
The defendant must not have intentionally or recklessly placed himself in a situation in which it was ... probable in to choose a criminal conduct.
The defendant must not have any reasonable legal alternative to possessing the handgun.
Fourth, the handgun must be made available to the defendant without preconceived design and the defendant must give up possession of the handgun as soon as the necessity or apparent necessity ends.
If, in your consideration of the issue of justification, you have a reasonable doubt on the question of whether or not the defendant was justified in the possession of a firearm, you should find him not guilty. However, [if] from the evidence you’re convinced that a defendant was not justified in the possession of [the] firearm, then you should find him guilty if all the elements of the charge have been proven.