IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

REYNOLDO MARTIN-GODINEZ,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1860

_____/

Opinion filed August 15, 2017.

An appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

Andy Thomas, Public Defender, and Barbara J. Busharis, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Robert Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.

ROBERTS, J.

In this appeal, the appellant argues the trial court erred in denying his pre-trial motion to suppress statements made to law enforcement at a time when he had not

been provided with an appropriate interpreter. We find no error in the trial court's denial of the motion to suppress and affirm.

The appellant is a native of Guatemala and primarily speaks a dialect of the Mayan language, Mayan Mam, along with some Spanish. The State filed sexual battery and lewd and lascivious molestation charges against the twenty-two-year-old appellant, claiming he molested his niece who was between eight and nine years old at the time. After he was identified as a suspect, the appellant was detained and interviewed by a Spanish-speaking detective. At the outset of the interview, the appellant told the detective that he only spoke a little English, but he did speak Spanish. The detective asked the appellant several questions in Spanish about his background and reviewed his constitutional rights. The appellant was sufficiently able to answer the questions and voiced an understanding of his rights. The appellant signed a Miranda[1] wavier form and was able to read the first line aloud to the detective. After affirmatively waiving his rights, the appellant agreed to speak with the detective and provided several incriminating statements.

The appellant later moved to suppress the statements, arguing that they were obtained in violation of his privilege against self-incrimination and his right to counsel because he did not understand his Miranda rights and the interview, which were conducted in Spanish instead of Mayan Mam. The appellant argued that his

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

limited education further impeded his ability to understand his legal rights. The State responded that the appellant never conveyed that he could not understand Spanish, never asked for a Mayan Mam interpreter, and had agreed to talk with the detective after affirmatively waiving his Miranda rights. The trial court denied the motion to suppress upon the "totality of the circumstances," which included its review of the DVD and transcript of the interview and consideration of the testimony and argument at the suppression hearing.[2] It found the appellant understood Spanish enough to freely and voluntarily waive his Miranda rights with a full understanding of what he was doing and he had agreed to speak with the detective.

On appeal, the appellant argues that it was error to deny the motion to suppress where the totality of the circumstances, including his language barrier, lack of education, relatively short time in the United States, and lack of exposure to the judicial system, supported a conclusion that he did not knowingly, intelligently, or

---

[2] The court also considered the observations of a previous judge who had presided over an earlier hearing on child hearsay evidence, which the appellant does not challenge on appeal. The previous judge had denied the appellant's request to delay the proceedings in order to find a Mayan Mam interpreter. The previous judge personally observed that the appellant had a sufficient command of Spanish such that continuing the proceedings with a Spanish interpreter would not jeopardize his constitutional rights. While declining to delay the proceedings, defense counsel was allowed to continue to search for a Mayan Mam interpreter. One was eventually located and was present from the appellant's suppression hearing throughout the remainder of trial.

voluntarily waive his right to counsel or his privilege against self-incrimination. We disagree.

A ruling on a motion to suppress comes to the appellate court with a presumption of correctness. Spivey v. State, 45 So. 3d 51, 54 (Fla. 1st DCA 2010) (citing Connor v. State, 803 So. 2d 598, 605 (Fla. 2001)). This Court applies a mixed standard of review, giving deference to the factual findings that are supported by competent, substantial evidence, but reviewing the determination of constitutional rights *de novo*. Id.

The State carried the burden to prove the appellant waived his Miranda rights by a preponderance of the evidence. Balthazar v. State, 549 So. 2d 661, 662 (Fla. 1989). In order to waive Miranda rights, the waiver must be made "voluntarily, knowingly and intelligently." Murdock v. State, 115 So. 3d 1050, 1055 (Fla. 4th DCA 2013) (citations omitted). The burden of proving voluntariness is "heavier" when a defendant claims a language barrier, but the standard of proof remains the same. Balthazar, 549 So. 2d at 662. The appellant does not claim that his waiver was the product of intimidation, coercion, or deception. Therefore, the totality of the circumstances must show that his waiver was made with a full awareness of the rights he was abandoning and the consequences of the abandonment. Murdock, 115 So. 3d at 1055 (citing Louis v. State, 855 So. 2d 253, 255 (Fla. 4th DCA 2003)).

The trial judge's finding that the appellant understood Spanish well enough to freely and voluntarily waive his Miranda rights with a full understanding of what he was doing is supported by competent, substantial evidence. The appellant was able to sufficiently answer the detective's background questions in Spanish, and he acknowledged he understood the rights he was waiving. The appellant argues that the trial judge failed to consider factors beyond his language barrier; however, her ruling was made upon consideration of the "totality of the circumstances." While the appellant did state he only had a second-grade education, there was no indication that he had anything but average intelligence. His answers to the detective's questions indicated he had a sufficient understanding of the judicial system. For example, when asked if he knew what a lawyer was, the appellant stated it was someone to advocate for him. After the appellant affirmatively waived his rights, the interview continued in Spanish wherein the appellant provided a detailed account of his actions against his niece. Accordingly, the trial judge appropriately denied the motion to suppress, allowing for the admission of the appellant's incriminating statements.

AFFIRMED.

LEWIS and WINSOR, JJ., CONCUR.

5